Scott, judge,
delivered the opinion of the court.
This was an action of debt against Margaret Stephenson as the administratrix of her deceased husband, Wm. Stephenson, and her sureties on her official bond, brought to the use of the heirs and distributees of the said Wm. Stephenson. The suit was instituted on the 2d October, 1846. The bond was dated the 7th February, 1842, and was conditioned to administer faithfully and account for and pay over all money and property of the said estate, and perform all other things touching said administration, required by law, or the order of any court possessing jurisdiction of the matter. Breaches were assigned on all the conditions, and issue being joined, the parties went to trial. The pleadings will not he noticed, as the points in the cause arose upon the evidence, and the instructions given and refused. Orders were made discountenancing the suit as to some of the parties for whose use the suit was brought,
Pending her administration Margaret Stephenson intermarried with Zachariah McGee. Upon this the court appointed Peter Stephenson administrator, de bonis non, of the estate of Wm. Stephenson at the March term thereof, 1845, and made an order that the administratrix pay over to him all the effects in her hands. Afterwards on the 7th April, the administratrix filed what is called a supplemental report to her final settlement which consisted of a small credit which she claimed, and notified the court that she declined a compliance with its order, requiring her to deliver the effects of her deceased husband in her hands to the administrator, de bonis non, on the ground that she had been appointed guardian of her infant children. Afterwards on the 5th May, Margaret McGee, late administratrix, appeared in court and claimed an account, of which the following is a copy ;
*181 The estate of Wm. Stephenson deceased, to Margaret McGee, as administratrix of said estate, debtor :
To clothing, boarding and schooling six minor children of the deceased three and a half years, - -- -- -- - $700 00
Do. for keeping one insane girl for three and a half years, at $200 per year, - -- -- -- -- -- -- - 700 00
May 5th, 1845, ----------- $1400 00
Twelve hundred dollars of the abovp account was allowed. This allowance brought the estate in debt to Mrs. McGee in the sum of $4 81.
Among other instructions asked by the plaintiff and refused were the following:
“ That any allowance on settlement made by the county court unless authorized by law, does not affect the right of recovery of said plaintiff.”
“ That the county court had no right to allow the $1200, or any other sum out of the interest of the estate of the heirs suing, for the support of other minor heirs, they being entitled to an equal part of the estate of said deceased, and if it was an allowance, the administratrix is responsible in this suit, at least for the share of those suing.”
Among others, the court gave the following instructions :
That the record of the county court showing a final settlement of the estate of Wm. Stephenson deceased by Margaret Stephenson in the name of Margaret McGee, is prima facia evidence that the said estate is indebted to her in the sum of $4 81 ; and unless this is rebutted by the evidence of the plaintiffs, they will find for the defendants.
That if within less than three years from the date of the grant of letters of administration to the defendant Margaret Stephenson, she intermarried with one McGee, and that one Peter Stephenson was appointed administrator, de bonis non, as her successor, the jury will find for the defendants.
Exceptions being saved to these opinions, the plaintiffs submitted to a non-suit, and after an unsuccessful motion to set it aside, sued out this writ of error.
In the case of the State to the use of Adams and other vs. Campbell, Dudley and al. 10 Mo. Rep. 724, the courtheld that for a breach of the conditions of an administration bond, suit might be brought for •the use of the heirs and distributees of the estate within less than three *182 years from the granting of letters of administration. In the opinion in the case the measure of damages in such suits is not stated they being ascertained from the circumstances. The idea of the instruction is founded on the notion that all estates are embarrassed. Cases may occur in which such a suit would be useless, but others may be imagined in which it would be necessary. The condition of the estates of deceased persons are very different. Some may be settled and distributed at once, there being no debts, while the administration of others is attended with difficulties and delay. The proceeding by attachment to compel settlements may prove unavailing. The administrator may be insolvent and there will be no security for the costs unless suit be brought on the bond. The statute moreover expressly gives a suit on the bond for a failure to make settlements, as a concurrent remedy with the process of attachment. Section 7, article 5 of the administration law.
It is a mistake to suppose that an administrator cannot be compelled to make distribution within three years from the date of his letters with■out a refunding bond from the distributees. Upon an order of the county court he may be compelled to make distribution at any time after one year from his assuming the burden of administration, without anj refunding bond, sec. 1, 2, art. 6. of the administration law.
The instruction of the court, allowing the weight of prima facie evidence to the settlement of the last account of the administratrix was erroneous. Without adverting particularly to the manner in which that account was made out and to the time and circumstances under which it was presented, which we think should have insured its rejection, it may be remarked, that there was a want of authority in the court to entertain jurisdiction of the matter at the time of its presentation. The administratrix had made a final settlement, and with that act ceased the power of the court over her accounts. If she could at one term after final settlement come in, present accounts, and overhaul her administration, she could at any time thereafter, and thus there would be no safety for estates against the claims of administrators. If there was a mistake or omission in her accounts, she might have filed her bill in equity for relief. The principle of the case of Caldwell vs Lockridge, 9 Mo. Rep. 362 is applicable here. After a final settlement the administratrix was no longer such. Her powers had ceased by her marriage ■and the appointment of an administrator, de bonis non, she could no longer be in court for any purpose. She would be as any other person coming in and asking for a settlement. The action of the court in en *183 tertaining such proceedings was coram non judice and void ; and the case above cited recognizes the principle that when a court of limited jurisdiction acts without authority, no writ of error lying on its judgments, the validity of its proceedings may be questioned in a collateral action.
The instruction which asserted the law to be that an allowance made for the support of minor children should be charged to them as a portion of their distributive share of the estate; was properly rejected. Where there are adult and minor children, the adults having been reared and educated at the expense of the parent during his lifetime, it is nothing but justice, that the minors should be instructed and supported out of his estate after his death. By this means, all the children will be placed on an equal footing. The inequality in the ages of the minors may produce some difficulty in apportioning the sums allowed by the court. Some may be of age to receive instruction, and others may be of too tender years for that purpose, and the estate may be distributed before they are of a sufficient age ; under such circumstances it would be unjust to educate and support the older children at the expense of the younger ones. In such cases the excess allowed the older children over that allowed the younger, might, in making distribution,, be charged against the older in favor of the younger.
We do not consider that the orders discontinuing the suit as to some of those for whose use the suit was brought had the effect of a discontinuance as to all. The State of Missouri was the plaintiff in the action. A discontinuance as to some showed they claimed no damages, and they would be overlooked in assessing them; and if their names had been improperly used, the question of costs would be subject to the control of the court, and they would be imposed on the proper parties.
The other judges concurring, the judgment will be reversed and the cause remanded.