STATE TO THE USE OF MILDRED E. TAYLOR, Plaintiff in Error, *v.* JAMES H. WOODS *et als.*, Defendants in Error.

*Administration—Partnership—Bond.*—The creditor of a partnership under process of administration cannot sue upon the bond of a surviving partner unless he present his demand to the surviving partner to be classified within two years, or have the same allowed against the estate of the deceased partner. Unless the claim be thus presented, the partnership estate will belong to those who do establish their claims, and all others will be cut out from its benefit. (R. C. 1855, p. 125, § 63.)

*Error to the Saline Circuit Court.*

*Samuel Boyd,* for plaintiff in error.

The law does not require that a demand against a partnership estate administered by a surviving partner should be allowed against such estate by the county court; nor is such allowance necessary in order to maintain an action on

the bond of such surviving partner. (Bredell v. Baldwin, 27 Mo. 106.)

The supervisory control which a county court has over a surviving partner administering a partnership estate is statutory merely; no authority of the kind was exercised over him at common law by courts of equity. He, being the owner of one half the partnership property, was of right entitled to the possession and control of the whole, and was, in the disposition of it, subject to the same rules of law, and bound to the performance of the same duties, as the partnership firm prior to the decease of one of the firm; he was still bound to seek and hunt up claims against the partnership and pay them off, and this must still be the law unless changed by the statute expressly. There is no change of the statute which can be construed to change this law even by implication.

The 62d section of the 1st article of the statute concerning administration—which says, "where the surviving partner refuses to pay," &c.—does not repeal it. The term "refuse," as used by the statute, does not contemplate a mere neglect or failure to pay, but must mean a denial of the legal obligation of such survivor to pay such demand, and must be considered rather as an exception to a general rule than as a general rule itself. So far as the allowance of such claims is concerned, the law does not regard a surviving partner as in the same position as an ordinary administrator. In ordinary cases the administrator is a stranger, and cannot be presumed to know who are or who are not legal creditors of the estate, or to have any knowledge of the business affairs of his intestate. Hence, for his protection against fraud and imposition, as well as for the protection of the estate, the law has given to courts of equity jurisdiction a supervisory control over the administrator and estate, and has enacted that all claims against such estate must be presented and proven to the satisfaction of the court, after notice to the administrator.

But the reasons for such a proceeding cannot exist in the

case of a surviving partner. He, having been a party in all the business transactions of the firm, and the owner of a moiety of the partnership property, and responsible for the debts of the partnership, must, on the contrary, be presumed to have a complete knowledge of the partnership affairs, and the intervention of a court of equity for his protection is unnecessary.

Again, the allowance of such a demand by a probate court is no remedy for the creditor. A probate court cannot make an order for the surviving partner for the payment of the debt until after an apportionment is made; no apportionment can be made without a settlement; and the power of the probate court to compel such survivor to settle is not sufficient, because such court has not, as in cases of ordinary administrators, the power to remove him. (Green v. Virden, 22 Mo. 506.)

In ordinary cases of administration, the right of action on the bond only accrues after a settlement, apportionment and order of payment by the county court, or after removal for failure to settle ; so that the power of the county court to give a remedy upon the bond of a surviving partner is insufficient from the absence of the power to remove.

Again, the surviving partner, or his securities, in an action against them on the bond, have the right to set up any defence to the action which the surviving partner himself might set up, in an action against him upon the demand, made the foundation for the action for damages on the bond. The plaintiff in such action must show the damages, and, in order to do this, must show the legality of the demand upon which the claim for damages is founded. It is a matter of evidence, and the surviving partner and his securities have the right to defend against it. The bond of a surviving partner is given as a mere security for the application of the partnership property to the payment of the partnership debts ; and upon a failure of such surviving partner to comply with the conditions of such bond, the right of action accrues, for the benefit of the creditor.

*Ewing & Muir*, for defendants in error.

The demurrer was properly sustained. There is no breach of the bond alleged whereby it appears that the plaintiff Taylor is injured, or showing any liability on the part of defendants to her. The petition does not state that the plaintiff's demand has been allowed by the probate court, nor does it show by any averment that any order of court has been made for its payment, or that it has ever been in any way legally established, or that any assets have ever come to the hands of Woods which ought to have been or could be lawfully applied to its payment. (State to use of Cowan v. Modrell et al. 15 Mo. 424.)

The surviving partner, it is true, has the power to pay off demands against the partnership effects without requiring the same to be exhibited for allowance to the county court; but if he refuse to thus pay them voluntarily, they shall be exhibited to the county court for allowance and classification. (R. C. 1855, § 62, p. 124–5.) But there is no averment showing either a refusal to pay by the surviving partner, or an allowance by the court. Had these averments been made, the petition would still be defective in omitting to show that either an order of court for the payment of this demand, or that assets came to the hands of the surviving partner which were applicable to plaintiff's demand.

For aught that appears in the petition, all the assets received by the surviving partner have been exhausted in the payment of other claims. (R. C. 1855, § 62 & 63, p. 124–5.)

The petition is also defective in praying judgment for the balance of the note and interest instead of the penalty of the bond. (State v. Ruggles, 20 Mo. 100–1.)

LOVELACE, Judge, delivered the opinion of the court.

This case having been disposed of on demurrer in the court below, the question to be determined is whether the plaintiff states sufficient facts in her petition to constitute a cause of action. The petition shows the execution of a promissory note for one hundred and thirty-one dollars and

State to use of Taylor v. Woods et als.

twenty-five cents, by J. H. & W. C. Woods, a firm composed of James H. Woods and William C. Woods; that said note was executed sometime in the year 1860, and was payable on or before the 25th day of December, 1860, with interest from maturity at the rate of ten per cent. per annum; that there was a credit of five dollars endorsed upon said note on the 1st day of May, 1861, and afterwards on the —— day of ————, there was paid the further sum of thirty dollars; that the balance of the note and interest remains due and unpaid; that in the year 1861 William C. Woods departed this life, and James H. Woods as surviving partner undertook to settle up the estate of the partnership, and, in pursuance of the fifty-fifth section of the first article of the statute respecting executors and administrators, he, as principal, together with the other defendants, as securities, executed a bond to the State of Missouri, conditioned that if the said James H. Woods (of the late firm of J. H. & W. C. Woods) should use due diligence and fidelity in closing up the affairs of the late firm or copartnership, apply the property thereof toward the payment of the late partnership debts, render an account annually to the probate court of Saline county of all the partnership affairs, including the property owned by the late firm and the debts due thereto, as well what may have been paid by the survivor towards the partnership debts as well as what may be still due and owing therefor, and pay over within two years (unless longer time be granted by the probate court) to the executor or administrator the excess, if any there be, beyond satisfying the partnership debts and costs and expenses in closing affairs of the copartnership,—then said bond to be void.

Plaintiff then avers that James H. Woods, as surviving partner, took possession of a large amount of goods, chattels and personal property belonging to said partnership estate, to wit, goods, chattels and personal property to the amount of six thousand dollars; but that said James H. Woods entirely failed to use diligence and fidelity in closing the affairs

of the late partnership; that he failed to apply the property of said partnership to the payment of the partnership debts; that he failed to render an account annually upon oath to the probate court of Saline county, and that he entirely failed to comply with the conditions of said bond; and, by reason of the said failures to comply with the conditions, the said bond has become forfeit, and defendants have become liable to pay all damages which have accrued to any persons by reason of said failures; and that Mildred E. Taylor has been damaged by reason of said failures to the amount of the balance due on her said note and the interest thereon, for which amount the plaintiff asks judgment.

To this petition defendants demurred for the reasons—1. The petition does not show that said Mildred E. Taylor has been damaged by the alleged breaches of said bond. 2. The petition does not show that plaintiff, to the use of Mildred E. Taylor, has any right of action against defendants. 3. It does not appear from the petition that the alleged demands of said Mildred E. Taylor have been allowed against said partnership estate, or in any way legally established against said estate. 4. It does not appear from the petition that said Mildred E. Taylor is entitled to have any portion of the assets of said partnership estate applied to the payment of her claim. 5. The petition does not show any legally established right of said Mildred E. Taylor in the assets of said partnership estate, and the assignment of the breaches of said bond is not sufficient.

The demurrer was sustained by the Circuit Court and judgment entered up against the plaintiff, and the case is brought here by writ of error.

It is certainly difficult to see how the breaches assigned in the petition can affect Mildred E. Taylor. It is entirely possible for every assignment of breaches to be true without any damage whatever resulting to Mildred E. Taylor. It may be that the estate was not administered with diligence and fidelity; that the property was not properly applied to the payment of debts; that accounts were not properly and

annually rendered; in short, every act complained of may have been done without in the least affecting the payment of the promissory note belonging to Mildred E. Taylor.

To entitle the plaintiff to recover on this bond, it was necessary to show some specific breach by which she was specially damaged. The breach complained of—that the defendant James H. Woods had failed to apply the property of the partnership to the payment of the partnership debts—can result in no injury to the plaintiff until she first puts herself in a condition to receive the partnership estate.

But it is said that these debts against partnership estates need not be allowed by the probate court, but may be paid by the surviving partner without an allowance. That is true if the surviving partner will pay them without an allowance. But suppose he refuses to pay; then the statute expressly provides that they shall be exhibited to the county court for allowance and classification. (R. C. 1855, p. 125, § 62.) The surviving partner and his securities are only liable upon this bond when the surviving partner has failed to apply the partnership funds to the payment of the partnership debts. What are the partnership debts to which this fund must be applied? Evidently the debts that are recognized as such by the surviving partner and those that have been allowed by the probate court.

The 63d section of the 1st article of the administration act provides that "all demands presented for allowance or payment against the partnership effects within the first year of the grant of administration thereon shall be placed in the first class, and all other demands presented or paid within two years after such grant shall be placed in the second class, and all demands not presented or paid within such two years shall be forever barred against the partnership effects administered." There is no allegation that this claim was ever presented to the survivor for payment, or to the probate court for allowance. Suppose claims enough had been presented during the first and second years to have consumed the partnership estate, and the survivor had fail-

ed, as alleged, to apply the partnership effects to the payment of the partnership debts; this claimant would not have suffered by it, for the partnership estate would then have belonged wholly to claimants who had presented their claims. She would have still had, as she has now, her right of action against the estate of the deceased partner, and also against the surviving partner; but no right of action against the partnership effects, and consequently no right of action against the securities on the official bond of the surviving partner.

To establish a cause of action on the official bond of the surviving partner, it is necessary that the plaintiff's claim should be classified under the statute so as to give an interest in the partnership estate, otherwise the partnership estate will belong to those who do establish their claims, and all others will be cut out from its benefit. And in this case the plaintiff's petition fails to show any interest that she has in the partnership effects.

The other judges concurring, the judgment is affirmed.