————o————

WM. A. RUGLE, Respondent, vs. MARTIN WEBSTER, Appellant.

1. *Administrators sales—Petition and Affidavits for.—Deed of land—Irregularities in, when cannot be impeached collaterally.*—In ejectment for land bought by defendant at an administrators sale, it appeared that the application for the sale of the land was made by an attorney of the administrator; that the petition was not accompanied with an account of the administration and a list of the debts due to and by the deceased and remaining unpaid, as required by the statute; that the affidavit to the petition and the report of the sale, and the deed to the purchaser, were made by the attorney and not the administrator. The deed contained all the statutory recitals. After

final settlement by the administrator, but before his discharge, he himself personally made a regular deed of the land to plaintiff; *held*, that although these proceedings and papers may have been irregular and might have caused a reversal in direct proceedings for that purpose, they could not be impeached collaterally.

The administrator may make such deed after final settlement and may at any time make proper correction of mistakes therein.

### *Appeal from Polk Circuit Court.*

*John S. Phelps*, for Appellant.

I. The petition for an order of sale and the notice of the pendency of such application gave the court jurisdiction to order the sale of the real estate. (Overton vs. Johnson, 17 Mo., 442 ; Frye vs. Kimball, 16 Mo., 9 ; Vasquez vs. Richardson, 19 Mo., 96 ; Strouse vs. Drennan, 41 Mo., 289 ; Robert vs. Casey, 25 Mo., 584.)

II. The deed of Stiles, Adm'r. by his attorney is valid. The power of attorney was made and delivered after the court had approved of the sale to defendant, and the administrator could exercise no discretion in making the deed.

III. The deed of Stiles, adm'r, made by himself to defendant is valid and passed the title. It was urged by the plaintiff that after a "final settlement" an administrator ceased to have any authority pertaining to the estate. Such is not the law. If he has failed to make a deed before his final settlement, which he should make, he has power to make it then. (Wagn. Stat., 98, § 36. See also Shore's Adm'r. vs. Coons, 24 Mo., 553.)

IV. Where jurisdiction of the subject matter and of the parties in interest has been obtained by the court, error, or irregularities in its exercise cannot be impeached collaterally. (Thompson vs. Bloss, 2 Pet. 157 ; McVey vs. McVey, 52 Mo., 406 ; Tutt vs. Boyer, *Id.*, 425.)

*John W. Ross & W. P. Johnson*, for Respondent.

I. The office of an administrator is created by statute, and the duties devolving upon him cannot be delegated to another. (Broom's Leg. Max., §§ 806–7–8 ; Graham vs. King, 50

Mo., 22; Howard vs. Thornton, 50 Mo., 291; Perry on Trusts, 779 and notes; Bales vs. Perry, 51 Mo., 449; Farrar vs. Dean, 24 Mo., 16.) Under the statute the administrator's petition for the sale of the lands must be verified by himself, not by his attorney. Without such affidavit the court got no jurisdiction of the subject matter, and its subsequent proceedings were null and void. (Jarvis vs. Russick, 12 Mo., 63; Farrar vs Dean, 24 Mo. 16.)

II. The record shows no such appraisal and affidavit as required by the statute. (Wagn. Stat., 97, §§ 29, 30.)

III. The statute requires that real estate shall be appraised by three disinterested house-holders, and shall make an affidavit. The record should show that such affidavit was made, which is not done here. (Wagn. Stat., 97, §§ 29, 30.)

IV. After final settlement an administrator is no longer such for any purpose, and cannot make a valid conveyance of real estate, though legally sold during his administration. (State ex rel, vs. Stephenson, 12 Mo., 178; Caldwell vs. Lockridge, 9 Mo., 358.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment, brought by the plaintiffs in the court below, to recover the possession of certains lands lying in Polk county. The plaintiffs claim title as the heirs of one Isaac T. Davis, deceased, and the defendant claims by virtue of a purchase and deed made at an administrators sale, at which the land was sold to pay debts owing by the decedent. Judgment having gone for the plaintiffs in the Circuit Court, the case is brought here for review by appeal. In support of the judgment it is contended that the proceedings in the County Court taken by the administrator to procure a sale of the land, and the deeds made to the purchaser after the sale, were all entirely void, and that no title was conveyed. From the record it seems that the administrator did not reside in Polk county, where the estate was situated and the administration was had, and that the application for a sale of the land for the payment of debts was made by an attorney,

duly employed and authorized by the administrator, and acting in his behalf and stead. The petition presented to the court, although making the necessary averments, was defective in not being accompanied with an account of the administration, and a list of the debts, due to and by the deceased, and remaining unpaid, as the statute requires. The affidavit as to the truth of the petition was also made by the attorney instead of the administrator in person, and the affidavit appended to the report of the sale was also made in like manner. When the petition was presented to the court, the sale of the decedent's land was ordered and notices of the sale were regularly given, and the sale took place during a session of the Circuit Court, and at a proper time. The defendant was a purchaser of the land sued for, and paid the purchase money. At the next term of the County Court a report of the proceedings and sale were duly made, and the sale was approved. The administrator, by his attorney in fact, then executed to the defendant a deed, conveying the land, which contained all statutory recitals, and was duly acknowledged and recorded. After the execution of this deed the administrator made a final settlement showing a balance in his hands due the estate, but nothing further appears to have been done, and there was no order of record discharging him from his trust. While the record was standing in this shape, and subsequent to the final settlement, the administrator in person made a deed to the defendant as purchaser of the land in controversy, which was regular in all its forms, was properly acknowledged and recorded.

The above, in substance, contains all the facts necessary to be noticed in the case. Although the proceedings may have been irregular, and the affidavits not made in literal compliance with the law, yet there are not such jurisdictional facts as would render them wholly void. Sufficient cause might have existed for a reversal in a direct proceeding brought for that purpose, but certainly there is no ground for a collateral impeachment. In the case of Overton vs. Johnson, (17 Mo., 442,) it was held, that the accounts, lists, inventories and

appraisements which the statute requires to be filed with a petition for the sale of a decedents real estate, are not necessary to give the court jurisdiction, and that a failure to file them would not render the sale void. The court, speaking through Gamble J., said: "The jurisdiction is acquired by filing a petition praying the court to do an act or make an order which under the statute the court is competent to do. Whether the petition is in proper form, or sets forth sufficient facts, or is accompanied with the proper evidence, the court will decide in the exercise of its jurisdiction."

It was for the court, when the petition was presented, to determine its sufficiency, and if it made an erroneous decision, the proper remedy was by appeal. The report of the sale was made at the next term after it was had, and the sale was approved. This was the term designated by statute and all the interested parties were then in court, and for any irregularity or injustice an appeal was open to them. When the sale was approved, it only remained for the administrator to perform the ministerial duty of making to the purchaser a deed. Whether the administrator could exercise the act of making a conveyance by delegating the authority to another person to do it in his stead, is a question upon which I have doubts, but it is unnecessary, however, to decide it in this case. If we treat the first deed as a nullity, there was another one made by the administrator, which was entirely good and conveyed the title. But it is objected that this deed was made after final settlement, and therefore the administrator had no longer any authority to act. This objection cannot be sustained. After the approval of this report it was a duty that devolved upon him. If he attempted to execute it, and did it imperfectly, he might make the proper correction at any time. (Kiley vs. Cranor, 51 Mo., 541.) But, so far as the record shows, he was still administrator when he made and acknowledged the second deed. It is true he had made his final settlement, but it is not shown that he was discharged by the court. He still had money in his hands belonging to the estate. No order of distribution was made, and he remained within the control and jurisdiction of the court.

The present case is clearly distinguishable from Caldwell vs. Lockridge, (9 Mo., 358,) where the administrator made his final settlement and then resigned. It was there held that after final settlement and resignation of his office, he was no longer in court. But as in this case there was neither a discharge by the court, nor a resignation by the administrator, we think he was still acting in an official capacity. (See McVey vs. McVey, 51 Mo., 406.)

The judgment should be reversed and the cause remanded. The other judges concur.