———o———

A. J. GARNER, et al., Appellants, vs. JOHN TUCKER, Respondent.

1. *Administrators—Private sales without notice—Mis-recitals of deed as to date.*—
An application regularly preferred by the public administrator for the sale of real estate having been rejected, an order was made, on what was called an amended petition—unaccompanied by any accounts, lists, inventories or appraisements—but to which the widow and heirs appeared by attorney, directing a private sale of the land. The administrator's deed made pursuant to that sale contained a mistake of some days in its recital as to the date of the sale. *Held*, 1st, the proceedings were irregular, but the order of sale was not void; 2d, the misrecital in the deed as to the date of the sale, did not affect the validity of the deed.

2. *Administration—Approval, after final settlement, of sale made theretofore—Deed pursuant to such approval—Effect of.*—After final settlement, but before his discharge, an administrator may make a conveyance of land, provided the order of the probate court approving the sale under which his deed is made, is itself valid. But where the land has been sold by him, and a final settlement has been made and approved, and remains in force, that court has no jurisdiction, years subsequently, on the presentation of another report of the sale, to make an order approving the same; and a deed given by the administrator, pursuant to such approval, conveys no title.

*Appeal from McDonald County Circuit Court.*

*Bray & Cravens, with L. M. Lloyd, for Appellants.*

I. The refusal of the court, at the return of the order of publication, to make the order of sale, left the notice thereby given *functus officio,* and the order at the November term

following, to sell at private sale of any kind, and the sale thereunder at the same term, were absolutely void. (Caldwell vs. Lockridge, 9 Mo., 362; Speck vs. Wohlien, 22 Mo., 317; Valle v. Fleming, 19 Mo., 454; Strouse vs. Drennan, 41 Mo., 289.) A sale can only be directed at a term subsequent to the application. (Valle v. Fleming, *supra;* Wagn. Stat., 96, 97, §§ 25, 26; Strouse vs. Drenann, *supra.*)

II. The final settlement of the administrator, and its approval by the court, was a final judgment. He had also been discharged, and his term of office as public administrator had terminated. Under such state of facts his control over the estate was at an end. (State ex rel, Collins vs. Stephenson, 12 Mo., 178; Caldwell vs. Lockridge, *supra;* Ruggle vs. Webster, 55 Mo., 246; Barton vs. Barton, 35 Mo., 158; State to use of Whaly vs. Blackwell, 20 Mo., 97; Manly vs. Roberts, 48 Mo., 307; Wagn. Stat., 98, § 36.)

III. The proceedings in the probate court in August and October 1872 in approving a report of sale then made and filed by Daniel Harmon, were without authority of law, and the probate court acted without jurisdiction. The approval was a judicial act, and to bring the judicial power of the probate court to bear in the approval of a report of sale, the report must be made by a person having authority to make the report, and Harmon was *functus officio*. The expiration of his term of office, etc., worked a revocation of his letters and he could not even execute a deed, had the sale been properly reported and approved. (Wagn. Stat., 98, § 36.)

IV. The deed of Harmon to Tucker recited that the sale was made Nov. 20, 1867, when the report showed that it was made Nov. 8, 1867. Such a deed will not convey title.

*C. W. Thrasher,* for Respondent.

I. The appellants had personal notice of the presentation of the report of said sale, and had an opportunity to appeal if they were not satisfied with the action of the probate court on said report; and the approval of said sale was such a judgment as cannot be inquired into in this proceeding. (Tutt

vs. Boyce, 51 Mo., 425 ; Tutt vs. Zenir, 51 Mo., 431 : McVey vs. McVey, 51 Mo., 406 ; Rugle vs. Webster, 55 Mo., 246 ; Jones vs. Manly, 58 Mo., 558.)

II. The mistake in the recital in the deed as to the day of sale was a mere clerical error, and was corrected by the record and report of sale produced in evidence at the trial. (Moore vs. Wingate, 53 Mo., 398.)

III. The fact that the administrator in this case had made what purported to be a final settlement, did not discharge him from his trust as such administrator, and does not affect the validity of the report of sale and deed subsequently made by him. (Rugle vs. Webster, 55 Mo., 246.)

HOUGH, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the plaintiffs, as heirs at law of John W. Cole, deceased, to recover the possession of certain lands in McDonald county. The defendant claimed title as purchaser at a sale of said lands, made in pursuance of certain orders of the probate court of McDonald county, by Daniel Harmon, the public administrator, of said county, having in charge, as such administrator, the estate of the said Cole, and by virtue of a certain deed purporting to have been made in pursuance of said sale.

The case was tried by the court without the aid of a jury, and there was a finding and judgment for the defendant, from which plaintiffs have appealed to this court.

It appears from the record, that at the May term of the probate court, in the year 1867, on the hearing of an application, regularly preferred for the sale of the land in controversy, the court sustained objections thereto, and refused to order the same to be sold. At the November term, 1867, and on the 4th day of said month, on what was termed an amended petition for the sale of real estate, which was unaccompanied by any accounts, lists, inventories or appraisements, and of which no notice was given by the administrator, but to which the record shows the widow and heirs appeared by attorney, an order was made for the sale of said real

estate at private sale, and the same was purchased by the defendant. This sale was on the 9th day of November, 1867, reported to and approved by the court, and the administrator was ordered to make a deed. At the July term, 1869, said administrator made a final settlement of the estate of Cole, according to law, which was duly approved. ·

· At the trial the plaintiff offered to show that in the year 1868, Daniel Harmon ceased to be public administrator, which testimony the court refused to receive. The present suit was instituted on the 5th day of February, 1872, and tried at the February term, 1874.

At the October term, 1872, of the probate court, Harmon made another report of the sale made by him as administrator in 1867, of the lands in question, having previously given notice to the plaintiffs of his intention so to do, which report was approved by the court on the 15th day of October, 1872, and said Harmon was ordered to make a deed as administrator, to the defendant, Tucker, which he accordingly did on the 15th day of January, 1873. This was the only conveyance relied upon by the defendant as giving him any title to the land. From the order of the probate court made in 1872, approving the sale and ordering a deed to be made, no appeal was taken.

The question arising on the foregoing state of facts is whether the report of sale and the approval of the same by the court in October, 1872, and the deed made by Harmon, in pursuance thereof, are of any validity.

Other points are presented by appellant's counsel, but under the previous rulings of this court they are not open for discussion.

It is strenuously insisted that the order of sale made in November, 1867, was a nullity. The mode of proceeding adopted by the administrator and sanctioned by the court was certainly irregular, but the order of the court directing the sale to be made, was not void. (Overton vs. Johnson, 17 Mo., 442.) No notice was given, but the record recites that the widow and heirs appeared by attorney. (Valle vs. Fleming, 19 Mo., 461.)

It is further urged that the deed is fatally defective in that it recites a sale made on the 20th of November, 1867, whereas the report shows it was made on the 8th day of November, 1867. There is nothing in this point. (Moore vs. Wingate, 53 Mo., 398.)

The rejection of the testimony offered to show that Harmon ceased to be public administrator in 1868, did not prejudice the plaintiff's case. The estate of Cole continued to be in his charge until fully administered, or until he was discharged in the ordinary course of law, as other administrators. (Wagn. Stat, 122, § 12.) A small balance was found to be in the hands of the administrator at his final settlement, and there is nothing in the record to show that he was ever discharged by the probate court. Under the rule laid down in Rugle vs. Webster (55 Mo., 246) he still had authority to make a deed in January, 1873, provided the order of the probate court approving the sale, under which the deed was executed, was not a nullity.

The deed offered in evidence, does not purport to have been made in pursuance of the order of approval made by the court in 1867, and as to the effect of any deed made in pursuance of that order, if any were made and delivered, it is unnecessary to make any remarks. The deed in evidence must stand or fall with the order of approval of 1872; so that the real question is, as to the jurisdiction of the probate court, to approve in the year 1872, the sale which was made in the year 1867, a final settlement having been made by the administrator and approved by the court in the year 1869.

It has been repeatedly held by this court, that a final settlement has the force of a judgment, and is conclusive as to the matters comprehended in it, until reversed, or impeached for fraud, and on such settlement, all power of the probate court over the accounts of the administrator ceases. In the case of McVey vs. McVey (51 Mo., 406) to which we have been referred by the defendant's counsel, the curatorship had not been closed, and being still open and unsettled, the curator was held to be still competent to act. Here the case is

different. For three years a final settlement had been of record, unappealed from and undisturbed. The power of the court and of the administrator over all those affairs of the administration which are required by statute to precede a final settlement, had alike ceased. If the probate court may, three years after final judgment, supply orders which should have been made in the progress of the administration and before the final judgment, but which were not made, it must be confessed that it has greater power in this regard than any court of general jurisdiction in the State. The approval of the sale is said to be the crowning act; without the approval, there is no sale. What authority has the court to sell the property of an intestate after final settlement, and what authority has an administrator to ask it to be sold? After final settlement and before discharge, the administrator is as to some matters still subject to the order of the probate court, and has a limited authority specially conferred by statute, but he cannot disturb any of those matters which are put to rest by his final settlement, so long as that settlement remains in force. Otherwise there would be no security for heirs, legatees, creditors, or even the administrator himself. Matters long settled and properly adjusted would be subject to be reviewed and overthrown, where neither fraud nor error had been committed, and we would have only confusion and change—where there should be order and repose.

The order of approval made in 1872 must therefore be held to be void, and as the deed offered in evidence consequently passed no title to the defendant, the judgment must be reversed and the cause remanded. The other judges concur.