JOHN A. DENNY, Appellant, v. HENRY S. TURNER, Executor of L. A. BENOIST, et al., Respondents.

April 10, 1876.

1. The common-law rights of a surviving partner are not interfered with by our probate statutes, except in so far as the latter operate to secure a fair settlement of the partnership affairs, and a just distribution of the assets.

2. Where a claim against a partnership estate is acknowledged to be just by the surviving partners administering, and they undertake to pay it as soon as the assets will enable them, after which more than two years elapse before it is presented for allowance in the Probate Court—the executor of the deceased partner having, meanwhile, succeeded to the administration of the partnership effects—it will not be barred by the statutory limitation, if two years have not elapsed since the grant of letters to the executor on the partnership estate.

APPEAL from St. Louis Circuit Court.
*Reversed and judgment.*

*E. B. Sherzer*, for appellant, cited : Wag. Stat. 80, secs. 63, 64 ; Wag. Stat. 104, sec. 15, p. 81, sec. 66 ; Kidd *v.* Chapman, 2 Barb. 422 ; Taylor *v.* Woods, 36 Mo. 73–79 ; Grimes, Admr., *v.* Bush, 16 Ark. 647 ; Perry *v.* West's Admr., 40 Miss. 233 ; Williamson *v.* Anthony, Admr., 47

Mo. 299 ; Bryan *v.* Manday, 17 Mo. 556 ; Van Saun *v.* Farley, 4 Daly, 165 ; Elliott *v.* Cook's Admr., 13 Wend. 35 ; Cullanan *v.* McClure, 47 Barb. 206 ; Brodrick *v.* Smith, 3 Lans. 26 ; Little *v.* Little, 36 N. H. 224.

*A. & J. F. Lee, jr.,* for respondents, cited : Wag. Stat., secs. 52–64, pp. 78–80 ; Wag. Stat., secs. 15–19, pp. 104, 86 ; McCluny *v.* Sillman, 3 Pet. 270 ; Miller *v.* Janney's Exr., 15 Mo. 268.

LEWIS, J., delivered the opinion of the court.

This proceeding originated in the St. Louis Probate Court. Plaintiff there undertook to establish his demand against the partnership estate of L. A. Benoist & Co., then in process of administration by the defendant, who was also executor of L. A. Benoist, deceased, formerly a member of the firm. The Probate Court refused to allow the claim, and a like result followed plaintiff's appeal to the Circuit Court. The facts were as follows :

Louis A. Benoist, James Murrin, and Bolivar Owen composed the banking firm of L. A. Benoist & Co. On March 23, 1865, plaintiff deposited with the firm $500 in gold, receiving a certificate of deposit in the usual form. Benoist died early in the year 1867, and, in February of the same year, Murrin and Owen, as surviving partners, gave bond according to law, and proceeded to settle up the partnership affairs, without, however, publishing any notice, as required by the general law concerning administrators. Within two years thereafter plaintiff presented his certificate of deposit to the surviving partners, demanding repayment of the money. They acknowledged the justice of the claim, and promised to satisfy it as soon as sufficient assets should come into their hands. They had paid off similar certificates held by other parties, and had included this in their schedule of the partnership liabilities filed in the Probate Court. They promised, and fully expected, to pay this claim, up to the time when the partnership estate was taken out of their hands and turned over to the defendant,

in February, 1871. On January 8, 1873, the defendant, as executor of L. A. Benoist, deceased, having in charge the partnership estate of the late firm, waived notice in the Probate Court, when the demand was presented for allowance, and was disallowed, as being barred by the statutory limitation of two years.

Section 63, on page 80, Wagner's Statutes, provides as follows : " In all cases where the surviving partner administers upon the partnership effects, he shall have power to pay off demands against the partnership without requiring the same to be exhibited for allowance to the court ; and such court shall allow such partner in his settlements, as credits, all demands which he may thus discharge, if it shall be satisfied of the justness of the demands ; but, where such partner shall refuse to pay demands against the partnership, and where the administrator or executor of the deceased partner takes charge of the partnership effects, all such demands shall be exhibited to the proper court for allowance and classification," etc.

The 64th section provides that " all demands presented for allowance or payment, against the partnership effects, within the first year after the grant of administration thereon, shall be placed in the first class ; and all other demands, presented or paid within two years after such grant, shall be placed in the second class ; and all demands not presented or paid within such two years shall be forever barred against the partnership effects administered."

In the courts below, these statutory provisions were held to be conclusive against the plaintiff's demand, since it was not presented for allowance in the Probate Court until after the lapse of two years from the undertaking by the surviving partners to administer the partnership effects. Was such an application of the statute within its true intent? Did the surviving partners " refuse to pay " this demand, so as to necessitate its allowance by the Probate Court within the time so limited?

It must be observed that our statutes nowhere mention the granting of letters of administration to a surviving partner. By the spirit and effect of our legislation, his common-law rights are left untouched, with the single proviso that he shall give security for a fair and proper settlement of the partnership affairs, and a just distribution of the assets.

In *Green's Administrator* v. *Virden*, 22 Mo. 506, the County Court had undertaken to revoke the powers of a surviving partner, under the statute which authorizes such a proceeding in the case of an executor or administrator who has become non-resident of the State. But the Supreme Court denied the application of the statute to a non-resident surviving partner, declaring that " it would be against all principle to assume by implication a power of taking away the right of control which a man has over his own property." In *Crow* v. *Weidner*, 36 Mo. 412, the attempt was made to hold a surviving partner responsible for having exhausted the partnership fund upon certain claims, which were paid in full, when, it was insisted, all should have been classified and paid *pro rata* under the 64th (then 63d) section above quoted.

The Supreme Court held that the section " had no application to him, but only to the administrator of the deceased partner's estate, in respect to the excess of funds which he might receive from the surviving partner," etc. It followed that the surviving partner was not bound to such classification, but that his actual payments were conclusive, without regard to the statutory priorities insisted upon. In *The State to use of Taylor* v. *Woods*, 36 Mo. 73, it was held that, to entitle a creditor to sue upon the surviving partner's bond, it was necessary that his demand should have been presented either to the surviving partner for payment, or to the Probate Court for classification. Said the court: " What are the partnership debts to which this (partnership) fund must be applied? Evidently the debts that are recognized as such by the surviving partner, and those that have been

allowed by the Probate Court. * * * There is no allegation that this claim was ever presented to the survivor for payment, or to the Probate Court for allowance."

From these adjudications it is manifest that the acknowledgment by a surviving partner, having in charge the partnership affairs, of the justice of a demand against the late firm, is placed upon the same footing as an allowance, under appropriate circumstances, by the Probate Court. The interest of the survivor is so clearly against any diminution of his own share in the partnership effects, by the payment of unjust demands against them, that the law requires no further proof of the justice of a claim, when he has practically admitted it. This absolute equality of authoritative effect seems, indeed, to be sufficiently implied in the language of the statute itself: "All demands presented for *allowance or payment*," etc.—*i. e.*, presented for allowance to the Probate Court, or for payment to the surviving partner. The authority thus recognized in the survivor is, practically, a power of adjudication upon the merits of the claim.

With these conclusions the interpretation adopted by the courts below, and here insisted on by the respondent, are irreconcilable. The surviving partners did not "refuse to pay" in the sense intended by the statute. On the contrary, they agreed to pay the plaintiff's demand, and were only prevented from so doing by a want of present assets; which would have been equally potent against an allowance by the Probate Court. The recognition and approval of the claim by the survivors entitles the claimant to assume that he has done all that the law requires to insure its payment as soon as the condition of the assets will allow. It would be a great hardship if he should be afterwards told that, by reason of a delay in gathering the assets, he must be placed in the same position as if he had never applied for payment, or as if, upon such application, the surviving partners had rejected his demand.

It may be claimed that, when the administration has passed from the survivor to the administrator of the deceased partner, the claimant cannot avail himself of his presentation to the former, but must then have it regularly allowed by the Probate Court. This is, doubtless, true. But it is because—with the new form of administration— the new duty is introduced. If, up to this point, the claimant is guilty of no laches, it cannot afterwards be imputed to him, unless for an omission touching the new duty. He must then present his claim " for allowance " within two years after the " grant of administration." We have already suggested that there is, literally, no grant of administration to a surviving partner. He has already a common-law right to settle up the partnership affairs. The statute grants him nothing in addition, but simply limits the exercise of the right within certain conditions. By dating the " grant of administration " from the accession of the executor or administrator, and not from the giving of bond by the survivor, we establish a harmony among all the statutory provisions and the adjudications above referred to, which would otherwise be unattainable.

It follows, from this treatment of the subject, that the plaintiff, having properly rested upon the promises of the surviving partners so long as the partnership fund was at their disposal, was only bound to present his claim for allowance within two years after the grant of administration to the defendant upon the partnership effects. This he has done, and was, therefore, entitled to have it allowed upon proper proof of its merits. The judgment is reversed, and, as there appears to be no question about the merits of the demand, judgment will be rendered here in appellant's favor for the amount of the certificate of deposit, payable in gold, with interest at 6 per cent. per annum from February 26, 1869. Leave is given the respondent to show cause within ten days why this final judgment on the merits should be set aside, and the cause remanded. All the judges concur.