ELIZABETH GOEBEL, ADMINISTRATRIX, Respondent, *v.* ELI FOSTER, Appellant.

March 9, 1880.

1. After an administrator has been discharged, on final settlement, he cannot bring an action to collect a demand due the estate which had been omitted from the inventory.

2. *Semble* that, the debts having been paid, the heir is the proper person to collect such a demand.

APPEAL from the St. Louis Circuit Court.

*Reversed and dismissed.*

DAVID MURPHY, for the appellant, cited : ·*The State to use* v. *Stephenson*, 12 Mo. 182 ; *Morton* v. *Hatch*, 54 Mo. 411 ; *Lewis* v. *Williams*, 54 Mo. 200·; *Townsend* v. *Townsend*, 60 Mo. 246 ; *Bushel* v. *Lewis*, 6 Mo. App. 599 ; *Polk's Heirs* v. *Schulenburg*, 4 Mo. App. 592.

GOTTSCHALK, for the respondent, cited : *Grayson* v. *Weddle*, 63 Mo. 539 ; *Wilkerson* v. *Allen*, 67 Mo. 509.

HAYDEN, J., delivered the opinion of the court.

One question only need be considered in this case. The defendant introduced in evidence a certified copy of the final settlement and discharge made at the March term, 1877, of the St. Louis Probate Court, of the plaintiff as administratrix of the estate on behalf of which this suit was brought. It appears that the suit was brought on May 25, 1877, and more than two months after the date of such final settlement and discharge. It seems that, through mistake or oversight, the demand here sued on, which was for meats furnished by the intestate to the defendant, was not put in the inventory, and the plaintiff contends that on this account, and because the demand has not been included in any settlement made by the administratrix, her representative character *quoad hoc* still remains, and the discharge operates only upon what was included in the settlement.

We do not think we are at liberty to examine the ques-

tion as if it was a question of first impression. We must be guided by what the Supreme Court has said upon the subject, even if the exact question in its present shape has never been presented, and by the practice to which the remarks of that court have led. It is further to be observed that successive Legislatures, though they have had before them the opinions which the Supreme Court have expressed on this question, have not seen fit to alter the statute law, or to provide that a final settlement and discharge shall operate only as to matters included in the several settlements. In view of these facts, and of the further fact that the most important point is that the law should be settled, — and not settled contrary to a construction which, on the basis of judicial language, has generally been received, — we hold that while her final settlement and discharge remained in full force, as was the case here, the administratrix had no legal capacity to bring this suit. *The State to use* v. *Stephenson*, 12 Mo. 182; *Rugle* v. *Webster*, 55 Mo. 250; *The State ex rel.* v. *Lankford*, 55 Mo. 568; *Morton* v. *Hatch*, 54 Mo. 411; *Garner* v. *Tucker*, 61 Mo. 427; *Grayson* v. *Weddle*, 63 Mo. 539; *Polk's Heirs* v. *Schulenburg*, 4 Mo. App. 592.

The view which seems consistently to have been followed by the courts of this State, and which the course of legislation indirectly has confirmed, is that the final settlement, when followed by the discharge, covers the whole matter of the administration, and, in the absence of fraud, accomplishes, in the eye of the law, the purpose of our statute.

The law conclusively asserts, not necessarily that every asset has been administered upon, but that, under circumstances as they existed, the administrator fully discharged his duties and settled the estate, and that consequently his functions are at an end. The object of the law is practical: to put the estate into liquidation, to make it pay its debts, and to distribute the surplus. But the distribution of every asset is not a principal object; nor is it of the essence

of the matter that, the debts being paid, every item of property should pass by the channel of administration. In the great majority of cases all the property is administered upon. The matter is then at an end, and that repose is secured which is so essential in law, especially where trusts are undertaken which involve, at one time or another, the whole personal property of the community, and where sureties must constantly be procured. The alternative is that, to provide for the few exceptional cases where there is a mistake in omitting to take charge of property, or where property is afterwards discovered, all estates should remain indefinitely unsettled, — that is, open, — and the administrator contingently undischarged, with the consequent temptation, insecurity, and increase of litigation. The necessity for so serious a change is not apparent. If the debts have been paid, it is not easy to see why, unless some statutory provision requires it, even an administrator *de bonis non* should be appointed, or why the heir may not, where the administration has accomplished all it could accomplish, recover property which belongs to him. Here is no question as to creditors.

The plaintiff's counsel has referred us to, and we have carefully read, an able and interesting article involving the question here discussed, in the fourth volume (1875) of the Southern Law Review, the author being the learned judge of the St. Louis Probate Court. We cannot assent to the conclusions there reached, and in any view we think the law and practice so well established in this State that a legislative change would be essential.

The judgment is reversed and the cause dismissed. Judge BAKEWELL concurs ; Judge LEWIS is absent.