State of Missouri, to the use of Charles Gibson, Appellant, *v.* John D. Myers et al., Respondents.

### May 4, 1880.

1. To maintain an action on the bond of a surviving partner, the plaintiff must show that he had a claim against the partnership.

2. A final settlement is conclusive that the surviving partner fully administered upon the partnership estate.

3. One who has paid money to a surviving partner under a judgment subsequently reversed, cannot, after final settlement, recover against the surviving partner and the sureties on his bond.

Appeal from the St. Louis Circuit Court, Thayer, J. *Affirmed.*

Rudolph Schulenburg, for the appellant: When the judgment which Gibson had paid was reversed, he was entitled to restitution from the surviving partner to whom he had paid it. — *Raum* v. *Reynolds*, 18 Cal. 275; *Gott* v. *Powell*, 41 Mo. 416. A final settlement is conclusive only as to matters comprehended in it. — *The State* v. *Baldwin*, 27 Mo. 103; *Fish* v. *Leighton*, 44 Mo. 268; *Probate Court* v. *Merriam*, 8 Vt. 234.

C. Gibson, *pro se:* The sureties are liable in this action. — *Rollins* v. *The State*, 13 Mo. 439; *Peppler* v. *Scholl*, 47 Mo. 84; 48 Mo. 41.

George W. Hall, for the respondents: There was no breach of the bond. — *The State to use* v. *Woods*, 36 Mo. 73; *Cargil* v. *Corby*, 15 Mo. 421. Final settlements — conclusiveness of. — *Murray* v. *Roberts*, 48 Mo. 307; *Barton* v. *Barton*, 35 Mo. 158; *Jones* v. *Brinker*, 20 Mo. 87; *The State* v. *Rowland*, 23 Mo. 98.

HAYDEN, J., delivered the opinion of the court.

This is a suit on a bond given by the respondent Myers in the St. Louis Probate Court, under the statute, as surviving partner of the firm of Myers & Vohlkamp. In January, 1873, the partners had brought suit to enforce a mechanic's lien upon the property of the relator. Vohlkamp died, and the suit resulted in a judgment in favor of the surviving partner, who, in 1875, collected the amount ($1,274.95) on execution. The court below found, and for the purposes of this case it may be conceded, that Myers, who had reported this demand to the Probate Court as uncollectible, converted the money thus collected on execution to his own use. After the money had been collected on execution, and in the year 1866, the relator sued out a writ of error to this court, which, at the March term, 1877, reversed the judgment, annulling it as to the lien on the property of Gibson. Upon this the relator brought suit upon the bond.

It is plain the relator has no case. He had no demand which existed against the estate, nor was there any breach of the bond, causing damage to the relator. *The State to use v. Woods*, 36 Mo. 73. The circumstances by virtue of which alone the demand of the relator exists, did not take place till long after the death of the deceased partner. The judgment of the Circuit Court was good until reversed; nor is any blame attributable to the partners for filing a lien-claim, and commencing a suit which, so far as the trial court is concerned, resulted in their favor. It was the writ of error which gave a new phase to the matter. By this the judgment below was annulled, and then, for the first time, the relator had a demand. Thus, that demand was not against the estate, nor was there any breach of the bond enabling the relator to recover against the sureties.

The judgment in the lien-suit was valid until reversed; and what Myers did with the money when he collected it on execution, was no concern of the relators, for the relator

had no demand of any kind against the partnership estate. The argument assumes that the money so paid was the money of the relator. Why then did the relator pay it? If voluntarily paid he ought not to recover it. But, in truth, the relator paid the money under compulsion of valid legal process, of which he did not choose to obtain a *supersedeas*. If a defendant submits and pays, and then sues out his writ of error, he is presumed to know the consequences, and to take them. In theory of the common law, the writ of error, like a *scire facias*, was a new action. Tidd's Pr. 1141. There is no authority for supposing a relation back.

Again, it appeared from the final settlement of the surviving partner, filed on July 24, 1875, and put in evidence by the relator, that the former had fully accounted for the assets in his hands, and that, on the face of the settlement, nothing remained due to him from the estate. It is contended that the final settlement was conclusive only as to matters comprehended in it, but not conclusive as to the amount paid by Gibson, since no account is rendered, or mention made in the settlement of that payment. This question has recently been examined and decided adversely to the position of the relator. *Goebel* v. *Foster*, 8 Mo. App. 443. The final settlement stood until set aside on proceedings for that purpose.

It is finally said that the reversal of the judgment makes the surviving partners, who received the money as such, liable to pay it back. With this question we are not concerned. The present is a suit by the State on the relation, etc., on the bond of the administrator, against him and sureties. The relator submitted his case on that basis, and asked no leave to amend.

The judgment is affirmed. Judge Bakewell concurs; Judge Lewis is absent.