Matthews v. Hunter.

67   293
45a 470
67   293
115  231

MATTHEWS et al., Appellants v. HUNTER.

*Partnership Real Estate. A title bond for real estate was made to a firm, who bought it for partnership purposes. After the death of one of the partners, the surviving partner, who administered upon the partnership estate, paid for the land out of the partnership assets, and the deed was made to him and the heirs of the deceased partner. The personal assets of the firm proving insufficient to pay its debts, the land was sold by order of the probate court for this purpose. In a suit brought to perfect title in the purchaser, Held, that he was entitled to a decree divesting the heirs of the deceased partner of the title acquired by them under the deed, and vesting it in him.

Appeal from Scott Circuit Court.

Louis Houck for appellants.

*See Willet v. Brown, 65 Mo. 138.

*L. Sanford* for respondents.

NORTON, J.—This is a proceeding in equity, the object of which is to perfect title to certain land in Scott county. The petition alleges that, in the year 1861, Augustus Youngman and William Winchester were partners and doing business under the name and style of Youngman & Winchester, and, as such partners, they purchased of one Joseph Hunter, for partnership purposes, three and one-half acres of land, near the town of Sikeston; that said Hunter executed to them his title bond, in which he bound himself to execute a deed thereto on the payment of three hundred dollars; that said Winchester died in 1863, and Youngman, as surviving partner, administered on the partnership estate, and paid to said Hunter, out of the said estate, the said sum of three hundred dollars, who, thereupon, in 1867, executed to the said Augustus Youngman and the heirs of said Winchester, a deed to said real estate; that said land should have been conveyed to Augustus Youngman, surviving partner of said firm, and that such, in fact, was the intent and purpose of said Hunter. It is further averred that the personal assets of said firm were insufficient to pay the debts, and that, by an order of the court of common pleas of said county, having probate jurisdiction, said Youngman, as such administrator, in December, 1867, sold said real estate to one Sarah F. Brown, to whom, after an approval of said sale by said court, he executed a deed therefor. It is further averred that said Sarah Brown afterwards conveyed said land to plaintiff, Coleman, who afterwards conveyed a part thereof to his co-plaintiff, Matthews; that they have erected extensive and valuable improvements thereon; that Hunter, by mistake, conveyed the land to Youngman and the heirs of Winchester; that the heirs of said Winchester now set up claim to said land under said deed, and that thereby a cloud is cast upon their title, which they ask the court to remove and correct the alleged mistake in the deed of

Hunter to Youngman and the heirs of Winchester. A demurrer was sustained to the petition and judgment rendered thereon for defendants, and the sole question presented by the record is the sufficiency of the petition.

It is very clear from the facts stated in the petition that the real estate in question, having been bought for partnership purposes, and paid for with partnership funds, was liable to the payment of partnership debts, and until they were paid and partnership accounts fully adjusted, that the heirs of Winchester could take no interest therein. Had the conveyance been made to Youngman & Winchester, before Winchester's death, as to the legal title they would have held it as tenants in common, but, as to the beneficial interest, each would have held it in trust for the partnership till the partnership debts were paid and partnership accounts fully settled. (*Carlisle's Adm'r v. Mulhern et al.*, 19 Mo. 57; *Duhring v. Duhring*, 20 Mo. 184.) If the conveyance had been thus made, the heirs of Winchester would have taken no interest in the estate conveyed, if, after his death, the surviving partner had sold and conveyed the property in pursuance of law to pay the debts of the firm. And the fact that the property was paid for after Winchester's death with partnership funds, and that it was conveyed to Youngman and the heirs of Winchester, did not change the character of it as partnership property, nor relieve it from liability to be subjected to the payment of the debts of the firm. We are of opinion, from the facts stated, that plaintiffs were entitled to a decree divesting the heirs of Winchester of whatever title was acquired under Hunter's deed, and vesting the same in plaintiffs, and that the court erred in sustaining the demurrer. Judgment reversed and cause remanded, in which the other judges concur.

REVERSED.