EASTON, *Surviving Partner, Administrator of Partnership Estate*, v. COURTWRIGHT *et al., Appellants.*

1. **Administration**: PARTNERSHIP ESTATES. Under Wagner's Statutes, page 80, section 63, relating to the administration of a partnership estate by a surviving partner, the latter must have refused to allow a demand against such estate before the demandant could apply to the probate court for its allowance of his claim.

2. ———— : ———— : PROBATE COURT. The probate court has no jurisdiction or right, under the statute, to order the surviving partner to pay out of the proceeds of the sale of partnership real estate, demands allowed by it in preference to demands presented only to the surviving partner.

3. ———— : ———— : ————. Where there is an administering surviving partner, and no refusal by him to pay a claim against the partnership estate, its allowance and classification by the probate court is unauthorized, and gives such demandant no priority over other creditors, who present their claims to the survivor.

4. ———— : SALE OF REALTY BY SURVIVOR. Such survivor may sell the partnership realty when it becomes necessary, after exhausting the personal assets proper, to raise funds to pay the debts of the firm, and he may so sell without applying to the probate court for an order to sell the interest of the deceased partner.

5. ———— : ————. Such sale and a deed by the surviving partner will pass the entire equitable interest of the parties in the property, and the purchaser will be entitled to a decree vesting the entire legal title in himself.

*Appeal from the Marion Circuit Court.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Geo. A. Mahan* and *Thomas H. Bacon* for appellants.

(1) No appeal having been taken from the order of sale of real estate, the circuit court had no jurisdiction to dismiss that proceeding. The administrator not having appealed from the action of the probate court sustaining the judgment creditors' motion applying the proceeds of sale, could not, by filing at the same term, a motion to

vacate such action, and by an appeal from the overruling thereof, acquire any right in himself, or confer upon the circuit court any jurisdiction to dismiss the judgment creditors' said motion, or the proceedings of the probate court thereon. As to this motion, the judgment creditors bore the relation of plaintiffs. The only appeal from the probate court was the administrator's appeal, and if it was premature, it alone should have been dismissed. From the action of the circuit court, setting aside the order of the probate court sustaining the judgment creditors' motion, they had the right to appeal. (2) The organic law of Missouri (Const. 1875, art. vi, sec. 34), authorizes the creation of probate courts with power to grant letters of administration, and such grant is not restricted to cases of estates owned exclusively by decedents, but may and does extend to cases of partnership estates held in trust for decedent partner's legal representatives (*Caldwell v. Hawkins*, 73 Mo. 450), whose beneficial estate or right therein cannot be either protected except by an administration (*Wiles v. Maddox*, 26 Mo. 77; *Gilham v. Kerone*, 45 Mo. 487; *Rapp v. Vogel*, 45 Mo. 524), or ascertained, except by a final settlement (*Ibid.*), and in such matters the circuit court had and has no original jurisdiction. R. S. 1879, sec. 1102, p. 201; sec. 1176, p. 209; *Compare First, &c., v. Robberson*, 71 Mo. 326, 341; *Ensworth v. Curd*, 68 Mo. 282; *Pearce v. Calhoun*, 59 Mo. 271; *Titterington v. Hooker*, 58 Mo. 593. (3) The appellant's judgments of allowance are conclusive that the administering surviving partner refused to pay their demands (Wagner's Statutes, 1872, page 80, section 63), and these judgments could and did bind all the partnership effects (*Ibid.*, last clause), including all property of the survivors therein (*Ibid.*), and the probate court had the power to classify said allowed demands against the administering surviving partner (*Ibid.*), and to order the payment thereof (*Ibid.*, page 79, section 58), and to cause the partnership real estate to be sold to pay said judgments.

*Mathews v. Hunter*, 67 Mo, 293. (4) As classification is purely a judicial act (*Miller v. Januey*, 15 Mo. 268), the administering surviving partner cannot classify (*Pfeiffer v. Suss*, 73 Mo. 245), and *e contra*, the statute empowered the probate court to classify against the administering surviving partner the allowed demands (section 63, Wagner's Statutes, 1872, page 80), and the power to classify cannot imply less than two classes, and as these two classes are set forth only in section 64, Wagner's Statutes 1872, page 80, this section applies to administering partners. especially, as that section confers the right of classification on all just demands paid, which right could not apply to a regular administrator (*Dullard v. Hardy*, 47 Mo. 403 ;. *Schoenreich v. Reed*, 8 Mo. App. 356), and upon classification the administering surviving partner could not pay second-class demands in preference to first-class demands, and much less could he have an authority which, whether exercised or not, would enable him to receive in payment for partnership real estate sold, the unallowed defaulted deposit checks of the bank. *The State, &c., v. Woods*, 36 Mo. 73. At a public sale of such character, the holders of such depreciated paper might doubly outbid the judgment creditors. (5) The object of administration is to settle up the estate within a special limit of time, and to this end the law of administration authorizes the decedent's representative to shorten the period . of limitation on all debts matured against the estate so that a ten years' limitation may be reduced to two years, (*Labeaume v. Hempstead*, 1 Mo. 417 ; *Richardson v. Harrison*, 36 Mo. 96), and this can be accomplished only by the administrator's publication of legal notice. The administering surviving partner giving bond to settle the partnership estate in two years, etc., cannot comply with this obligation except by publishing such a notice, and the statutes gave the administering surviving partner the same powers as are conferred upon the regular administrator. Wagner's Statutes, 1872, p. 120, sec. 10.

*Anderson & Boulware* for respondent.

PHILIPS, C.—Joseph G. Easton, Landon C. Easton and Henry C. Easton were partners in the business of banking at Hannibal, Missouri, under the firm name of "Joseph G. Easton & Co." In March, 1877, Joseph died. The concern was largely in debt and had a large amount of assets. Henry C. Easton, as if it were necessary, applied to and received from the clerk of the probate court of that county, letters of administration, as surviving partner on the partnership estate. He gave the requisite bond as such surviving partner. He also gave notice by advertisement of his administration, requiring the creditors of said firm to exhibit to him, for allowance, within one year from the date of letters, demands against the estate, under penalty of being barred at the end of that time. Thereafter the creditors of the firm, including the appellants, from time to time, presented to said surviving partner their claims, and received a dividend of twenty per cent. on the principal. Afterwards the appellants presented their demands to the probate court for allowance and classification. The court allowed the same and classified them in the first and second classes respectively. The other creditors, of whom there were a large number, stood on the presentation of their demands to the survivor.

The administering partner made his second annual settlement with the probate court in May, 1879, and in July following, as such surviving partner, he presented to the probate court his petition for the sale of the real estate of the firm, to raise the necessary money to pay off the remaining debts of the estate. The court made the usual order of publication of notice of the application, as in case of an ordinary administration. On the return day of said notice the appellants appeared in the probate court and filed a motion to have the proposed order of sale so conditioned, that, after the payment of costs,

the money derived from said sale should be applied exclusively to the payment of the demands so allowed and classified by the probate court. This motion recited, *inter alia*, that many of the claimants had been paid in full. The probate court sustained this motion, and made the order of sale accordingly. Afterwards, and during the same term, the surviving partner filed a motion to modify and vacate so much of the said order as directed the application of the proceeds of the land to the said probated claims. This motion was refused by the probate court, from which the administering partner appealed to the circuit court. The circuit court, on hearing, set aside the judgment of the probate court, and dismissed the petition in the cause, and directed that the costs accruing in the probate court, up to the application for appeal, be paid by Henry C. Easton, and that all subsequent costs be paid by the appellants, Courtwright *et al.* From this judgment Courtwright and the other promoters of the special order of the probate court have appealed to this court.

The sum of the propositions of law asserted by the appellants, is as follows: That under an administration by a surviving partner, demands against the partnership estate should be presented to the court of probate for allowance and classification, as in the case of an ordinary administration of the estate of a deceased partner, and should be paid in the order of such classification, *pro rata*, and that the probate court has jurisdiction and the right to order the surviving partner to pay out of the proceeds of the sale of partnership real estate the demands allowed by the probate court in preference to demands presented only to the surviving partner.

Other declarations of law were requested by the appellants, but as they all range themselves around these central propositions, and depend upon their legal truth, it is not necessary to set them out in detail.

I. It is conceded that, at common law, jurisdiction over matters of probate was vested largely in the eccle-

siastical courts; while jurisdiction over partnership assets belonged exclusively to the courts of chancery. The surviving partner retained exclusive possession and control of the firm assets and property, in trust for the payment of the debts of the partnership, and for the benefit of the heirs and distributees of the decedent. In the conduct of his trusteeship he was subject alone to the supervisory jurisdiction of a court of equity. In this country this jurisdiction and method of procedure is generally regulated by statute; and when not so regulated or modified it remains as it did at common law. In this state the administration of the estate, *sui juris*, of decedents, is conducted through the local probate courts, while the assets of a partnership, dissolved by the death of one of its constituent members, are administered and disposed of as at common law, except so far as the rights and duties of the surviving partner are limited and controlled by statutory enactments. We shall note the statutory innovations touching this question, so far as their review may serve to aid in the proper construction and understanding of the present statute. It is one of the recognized canons of interpretation of a statute that resort may be had to antecedent enactments, *in pari materia*, in order to collect the legislative intent from the occasion and necessity of the later enactment. But there can be little necessity for such a resort where the terms and language of the act in question are explicit and unambiguous.

In the statute of 1845 the legislature so far interposed as to require the survivor to give bond to the state, for the faithful and diligent performance of his duties, conferring on the respective county courts authority to cite him to account, and to adjudicate upon such account; and, also, gave to parties interested, a remedy on his bond for misconduct or neglect, and imposed on him certain duties and acts towards the administrator or executor of the estate of the deceased partner. R. S. 1845, pp. 70, 71. In 1855 the legisla-

ture, under the special heading, "Of Partnership Estates," re-enacted the substance of the provisions of the statute of 1845. By section fifty-eight authority was conferred on the administrator or executor of the individual estate of the decedent, in case where he succeeded to the charge of the partnership interest by reason of the failure of the survivor to give the required bond, to use the name of the survivor in collecting the debts and accounts of the firm. This latter provision was, in effect, a recognition by the legislature of the rule at common law, that on the death of one of the partners the right and title to the partnership property, as all rights of action pertaining thereto, passed to and vested in the survivor; and, therefore, when he gave the bond required, the whole property, with the right of possession, disposition, and action touching the same, remained with him as theretofore.

And, as if to indicate that the innovations of the statute were not to be construed to interfere with the recognized common law right of the survivor to proceed to adjust and settle up the accounts and affairs, as also the liabilities of the firm, without any judicial ascertainment of such liabilities, the sixty-second section (Statutes 1855, page 124) declared: "In all cases, where the surviving partner administers upon the partnership effects, he shall have power to pay off demands against the partnership, without requiring the same to be exhibited for allowance to the county court; and such court shall allow such partner in his settlements, as credits, all demands which he may thus discharge, if it shall be satisfied of the justness of the demands; but, where such partner shall refuse to pay demands against the partnership, and where the administrator or executor of the deceased partner takes charge of the partnership effects, all such demands shall be exhibited to the county court for allowance and classification; and the

court shall have the same jurisdiction of demands thus presented, as it has of demands against estates in ordinary cases."

From the first clause, instead of taking away from the survivor his common law right to pay off demands, it is manifest that he may yet do so without any exhibition of them to the court for allowance, while from the second clause it is equally manifest that the right of a creditor of the firm to go to the probate court with his claim for allowance, is only where and when the survivor has refused to pay the demand after presentation to him, or where the survivor has failed to administer and give the required bond, and "the administrator or executor of the deceased partner takes charge of the partnership effects." This, it seems to me, was so palpable as not to have justified any adjudication to settle the proper construction. But the matter has been before this court and the court of appeals, and the above conclusion as to the act of 1855, expressly affirmed. *State to use of Taylor v. Woods et al.*, 36 Mo. 73 ; *Crow v. Weidner*, 36 Mo. 412 ; *Denny v. Turner*, 2 Mo. App. 52. This section was carried forward into the revision of 1865, and Wagner's Statutes of 1870, 1872, without any material change. W. S., p. 80, sec. 63. "Where a court of last resort construes a statute, and that statute is afterwards re-enacted, or continued in force, without any change in its terms, it is presumed that the legislature adopted the construction given to it by the court." *Handlin v. Morgan Co.*, 57 Mo. 116.

By the very terms of this statute, it was a condition precedent to the right of the demandant to go before the probate court to have his claim allowed, that the administering survivor should have refused payment of the claim. That was in the nature of a jurisdictional fact, to be ascertained before the probate court had any authority to allow a claim, so long as the surviving partner was not displaced in the manner provided by statute. *Leslie v. City of St. Louis*, 47 Mo. 475 ; *Ellis v. Pacific*

*Railroad Co.*, 51 Mo. 203. With excessive refinement, the learned counsel for appellants argue that the only recognition, under the statute, which the survivor can give a demand against the estate, is to pay it. And, therefore, when he does not pay it, that is tantamount to a refusal to pay in contemplation of the statute. This makes the terms "refusal" and "failure" synonymous. The obvious meaning of the statute is, that when the claim is presented to the survivor for payment, and he should reject it, refuse it for want of justness, or like cause, then from this *quasi* adjudication of the survivor, the statute gives the demandant a right of re-adjudication before the probate court on the validity of his claim. Why present the claim to the survivor for payment if it has, in the first instance, to be exhibited to the court for allowance? When a claim is allowed and classified by the court, its *status* is judicially established, and the law, without more, makes it the duty of the administrator to pay the claim, if he have assets, according to its classification. No presentation is required to be made to the survivor in such case. It would be an idle ceremony. Under the construction contended for by the learned counsel what meaning can be attached to the sixty-third section: "All demands presented for *allowance* or *payment* against the partnership effects," etc.? The term "allowance" applies necessarily to the instance of an administration on the estate of the deceased partner, where this administrator has also qualified as to the partnership assets, or to the instance where the survivor having refused payment and the claim has been carried before the court; while the term "payment" applies to the case of a surviving partner.

As a logical sequence of the statutory recognition of the presentation of claims to the survivor for payment, is the tacit concession of his right to pass on their validity. Nor is there any justice in the denunciation of such a prerogative of the survivor. The common law rule was founded on the law of self-interest and self-pres-

ervation. Unlike an ordinary administrator, the sur-
viving partner, being directly interested in the assets, as
part owner, has a direct interest to subserve in
protecting the estate against false claims, against im-
provident management, waste and spoliation. And
against any misconduct, neglect or delay of the survivor,
the creditors, at common law, had the protection of the
supervisory powers of the courts of equity, and now the
additional protection of the full bond exacted of him by
the statute, as also the right of the probate court to pass
ultimately on any claims he may have improvidently, or
improperly paid. And, if further evidence were wanting
of the legislative recognition of the right of the survivor
to do, under the statute then in force, precisely what
appellants complain of, to pay one claim in preference to
another, which an ordinary administrator may not do, at
the last session of the legislature it so far amended the
existing statute as to limit the power of the survivor to
pay off demands against the partnership estate without
exhibition for allowance to the court, to instances where
"he knows the assets to be sufficient to discharge all the
partnership debts," otherwise he may only pay *pro rata*.
Laws 1883, p. 22.

II. Without, in any wise, depreciating the very in-
genious and elaborate argument made in this case by
appellants' counsel, much of it is lodged against the
impolicy of the law. That is a legislative, rather than a
judicial question. We are not here to make, but to de-
clare, the law. There being an administering survivor of
the partnership estate in question, and no refusal by him
to pay the claims of the appellants, the allowance and
classification of the claims by the probate court were un-
authorized, and gave these demandants no priority over
the other creditors who had presented their demands to
the survivor. The application to the probate court, by
the surviving partner was for the sale of " certain *part-
nership* real estate," and for that portion situated in
Hannibal, the legal title to which was in the name of all

the partners. Being partnership property, in contemplation of equity, it was to be treated as assets in the hands of the surviving partner administering as such for the payment of the partnership debts.

Field, C. J., in *Dupuy v. Leavenworth*, 17 Cal. 262, very succinctly expresses the established rule of law : "In equity, real property acquired with partnership funds for partnership purposes is regarded as personal estate, so far as the payment of partnership debts and the adjustment of partnership rights are concerned. The real and beneficial interest which each partner possesses in the partnership property is the balance coming to him after the payment of the partnership debts, and the settlement of accounts with his co-partners. And, in the view of equity, it is immaterial in whose name the legal title of the property stands, whether in the individual name of one co-partner, or in the joint names of all ; it is first subject to the payment of the partnership debts, and is then to be distributed among the co-partners according to their respective rights. The possessor of the legal title in such case holds the estate in trust, for the purpose of the co-partnership. Each partner has an equitable interest in the property until such purposes are accomplished. Upon the dissolution of the co-partnership, by the death of one of its members, the surviving partner, who is charged with the duty of paying the debts, can dispose of this equitable interest, and the purchaser can compel the heirs-at-law of the deceased partner to perfect the purchase by conveyance of the legal title."

In that case one of the partners eloped with the assets of the firm ; after which the remaining partner, treating the partnership as dissolved by the death of one of its members, proceeded to sell the partnership real estate and execute deeds therefor. On the return of the absconding partner he (the absconding party) sold and conveyed his legal interest in the land to another party. The court held that the case was situated,

at the time the sale was made by the surviving partner, as if the absent partner was dead, and, therefore, the deed of the survivor passed the whole equitable or beneficial interest of the partnership, and the purchaser took the title in equity against the purchaser who bought under the absconding partner.   The same principle has been ·expressly recognized by our Supreme Court in the case of *Bredow v. The Mutual Savings Institution*, 28 Mo. 181. The surviving partner there, without giving the bond required by statute as surviving partner, transferred notes of the partnership in payment of a partnership debt. Afterwards, the administrator of the estate of the deceased partner gave the requisite statutory bond, which authorized him to take charge of the partnership estate on default of the survivor to give bond.   On suit by the duly qualified administrator to recover the notes so transferred by the survivor, the court held that the action could not be maintained.   The surviving partner, without giving bond, had the right to take possession of the partnership assets and dispose of them.   The failure to give the statutory bond merely subjected him to displacement on the administrator of the estate of the deceased partner qualifying as administrator of the partnership estate.   See also Kelly's Probate Guide, page 230, etc., as evidence of the understanding of the profession.   This, too, is the generally accepted doctrine of this country.   *Matthews v. Hunter*, 67 Mo. 295 ; *Hartnett v. Fegan*, 3 Mo. App. 1 ; *Delmonico v. Guillaume*, 2 Sandf. Ch. 366 ; *Andrew's Heirs v. Brown's Adm'r*, 21 Ala. 437 ; *Murphy v. Abrams*, 50 Ala. 293 ; *Cobble v. Tomlinson*, 50 Ind. 550 ; *Merritt v. Dickey*, 38 Mich. 44–45 ; *Pierce's Adm'r v. Trigg's Heirs*, 10 Leigh (Va.) 422, 423 ; *Dyer v. Clark*, 5 Met. (Mass.) 576, 577 ; *Tillinghast v. Champlin*, 4 R. I. 209.

The Supreme Court of Tennessee go to the extent of holding, that the surviving partner takes the estate so absolutely that he may sell the realty and pass the title, whether the sale be demanded for the payment of the

firm debts or not. *Griffey v. Northcutt*, 5 Heisk. 746; *Solomon v. Fitzgerald*, 7 Heisk. 552. This is, however, opposed to the weight of authority. The survivor may sell and pass the whole beneficial interest of all in the realty, when it becomes necessary, after exhausting the personal assets proper, to raise funds to meet the debts of the firm. It is suggested that the surviving partner should, at least, apply to the probate court for an order to sell the interest of the deceased partner in the partnership real estate. If that were the law, such was not the application made in this case to the probate court. The application was for an order to sell the partnership estate. It might be sufficient to say there is no provision of the statute requiring the survivor to apply to the probate court for an order to sell the interest of the deceased partner in partnership land. In partnership effects there is no several interest which may be sold as such. The interest of each partner therein, is in what remains after the partnership liabilities are satisfied, and the accounts between the partners are adjusted.

If the survivor may obtain an order of probate to sell the interest of the deceased partner, which would, as claimed by those who contend for the proposition in question, have the effect to pass the whole estate, legal as well as equitable, of the heirs of the deceased partner, their interest might be unnecessarily sacrificed to pay the partnership debts. There is no power in the probate court to direct a joint sale of the interest of the deceased and the living partner, nor to order the living partner to join in the administrator's deed. The only remedy, if any, left to the heirs of the decedent would be a resort to equity for contribution. We submit that such a circumlocutory procedure would little help the argument in favor of the theory of probate jurisdiction as asserted by appellant. Under that theory the survivor would be subject to different jurisdictions in disposing of partnership property in payment of partnership debts. Whereas his deed, under the theory of this decision, conveying

the interest of all the parties, passes the equitable interest of all, and the purchaser, if needed, may have decree divesting the legal title of all. Or the survivor, if deemed expedient, in order to enhance the vendibility of the property, may, in the first instance, bring his bill in equity against all the parties concerned, and have decree of sale ; under which would pass to the purchaser all the right, title, interest, and estate of the survivors and the heirs.

Under the facts of this case we hold that the proceedings in the probate court were unauthorized, and the judgment of the circuit court should, therefore, be affirmed. All concur, except Henry, C. J., who dissents.