JAMES B. MATNEY ET AL., Respondents, v. THE GREGG BROTHERS GRAIN COMPANY, Appellant.

Kansas City Court of Appeals, October 26, 1885.

1. PARTNERSHIP—SURVIVAL OF ACTION TO SURVIVING PARTNER ON DEATH OF PARTNER. — On the death of one of the members of a partnership, a cause of action survives to the surviving partner, and he is the only necessary party to its prosecution. It is only where the surviving partner has failed to give the bond required by section 62, Revised Statutes, and the administrator of the individual estate has further qualified by giving the bond required by said section, that the latter may meddle with the partnership assets.

2. —— PRACTICE—HOW OBJECTION MADE TO IMPROPER PARTIES.— Where, however, as in this case, the administrator of deceased partner is improperly joined with the surviving partner, the objection cannot be made by moving against the introduction of any evidence by plaintiff, but must be made by motion to strike out the names of unnecessary parties, or of parties appearing to have no interest. Nor does the misjoinder work any substantial injury, after verdict, as the record showing the real cause of action is an effectual bar against another action by the surviving partner. Following *Lass v. Eisleben*, 50 Mo. 122.

3. WRITTEN CONTRACT—PRACTICE—HOW PRESERVED FOR CONSIDERATION OF APPELLATE COURT.—The only way in which a written contract, which is the foundation of an action, could be brought to the attention of this court on appeal, is by being incorporated in the bill of exceptions; otherwise, every reasonable intendment must be indulged in favor of the judgment of the court being in accordance with its terms.

4. —— PRACTICE—MEASURE OF DAMAGES.—The measure of damages

for the breach of a given contract is a question of law. It is the province of the court to lay down to the jury for their government, the rule as to the measure of damages applicable to the case, and not to leave them to mere conjecture and belief.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

JAMES W. BOYD, for the appellant.

I. The evidence was not sufficient to authorize the court to submit the case to the jury, and the instruction to that effect ought to have been given. The instructions given on part of plaintiffs were erroneous.

II. The contract sued on did not "stand admitted," and the jury were authorized by the same instruction (assuming the contract was admitted), to measure the damages by any rule they might see fit to adopt. This was error. The measure or rule by which to measure damages is purely a question of law.

III. As there *is no evidence* to sustain the verdict, it is but fair to assume that the jury gave undue weight to the statements of plaintiffs' attorney; and the judgment ought to be reversed for that reason.

IV. The motion in arrest of judgment should have been sustained for these reasons: 1. The petition does not state facts sufficient to constitute a cause of action. 2. No one of plaintiffs is administrator of the partnership estate of J. B. Matney and A. E. Matney. 3. The letters of administration granted on estate of deceased partner were irrelevant and incompetent. The court overruled the objections and defendant excepted. The surviving partner must give bond before he is authorized to act as administrator of partnership estate, and the administrator of the individual estate has no right to partnership assets until he enters into proper bonds. Rev. Stat., sects. 60, 62; *Orrick v. Vahey*, 49 Mo. 428.

No brief on file for respondent.

PHILIPS, P. J.—This action was instituted in a justice's court to recover damages for the breach of a contract touching the sale of a certain lot of corn. The plaintiffs were partners, and the defendant is a business corporation. Plaintiffs recovered judgment in the justice's court, from which the defendant duly appealed to the circuit court.

Between the recovery of this judgment and the trial *de novo* in the circuit court, the partnership of plaintiffs was dissolved by the death of one of the partners, A. E. Matney, leaving James B. Matney the sole surviving partner. In the circuit court the death of said A. E. Matney was suggested, and the suit was revived in the name of said Wm. M. Matney and Thomas Bruce, administrators of the estate of said A. E. Matney, deceased, together with said James B. Matney.

After the trial was begun in the circuit court, the defendant objected to the introduction of any evidence by the plaintiffs, on the ground that the administrators of the individual estate of the deceased partner had no interest in this action, and the plaintiffs could not recover jointly thereon. This objection was overruled, and the plaintiffs recovered judgment, from which the defendant prosecutes this appeal.

I. There is no question but that on the death of one of the partners, the cause of action survived to the surviving partner. He was the only necessary party to a complete determination of the matters in controversy. The administrators of the estate of the deceased partner could not maintain the action to recover on a contract made with and belonging to the partners. It is only where the surviving partner has failed to give the bond, required by sections 60 and 62, Revised Statutes, and the administrator of the individual estate has further qualified by giving the bond required by said section 62, that the latter may meddle with the partnership assets.

*Bredow v. The Mutual Savings Inst.*, 28 Mo. 181; *Orrick, Adm'r, v. Vahey*, 49 Mo. 428; *Easton, Surviving Partner, v. Courtwright et al.*, 84 Mo. 27.

But the more difficult question is, has the defendant taken the proper step in the trial court to avail itself of this mere irregularity? Had the action been instituted in the circuit court, if the defect was apparent of record, the defendant could only have taken advantage of it by demurrer, and if not so appearing it should have been raised by answer, otherwise the objection would be deemed to have been waived. *Gimbel v. Pignero*, 62 Mo. 240; *Dunn v. Hann. & St. Jo. R. R. Co.*, 68 Mo. 269; *Butler v. Lawson*, 72 Mo. 227; *Walker v. Deaver*, 79 Mo. 672.

But the suit was instituted in a justice's court, where no pleading on the part of the defendant is required. How, then, is a defendant to raise this objection, and at what stage of the proceeding? Can he do it, in the manner attempted in this case, by merely objecting to the introduction of any evidence by the plaintiff? It has been expressly decided by the supreme court of this state that the only question properly raised by this objection at the trial is, that the petition does not state facts sufficient to constitute a cause of action, or, as held in New York, that the court has not jurisdiction of the subject matter, and that the petition does not state facts sufficient to constitute a cause of action. *Butler v. Lawson*, 72 Mo. 247. The petition at bar does state a good cause of action, and the justice of the peace did have jurisdiction of the subject matter.

In *Lass v. Eisleben* (50 Mo. 122), the attention of the court was directed to this question. That was an action of unlawful detainer, in which the administrator was held to be the only necessary party plaintiff. The case was taken by *certiorari* to the circuit court. Complaint was made by the defendant that the heirs of the intestate were joined as parties plaintiffs with the administrator. The court observed: "We cannot see that any injury could result to the defendant, in an action of unlawful detainer, by a joinder of the administrator and

heirs as plaintiffs; at all events the objection could not be raised by an instruction. If a person is joined as plaintiff, in this kind of proceeding, who appears to have no interest, his name may be struck out on motion, and in an ordinary action advantage may be taken of it by demurrer.''

I can perceive no valid reason why the same rule should not apply to a case situated as this is. The defendant should have simply moved the court to strike out the names of the administrators as unnecessary parties. Nor can we perceive that, after verdict, the defendant suffered any substantial injury by reason of the misjoinder. The surviving partner, the real party in interest, was a plaintiff in the action. The whole record showed the real cause of action, and a recovery in this case would be an effectual bar to another action by this surviving partner on the same contract. Besides, this matter could be rectified here by striking out the names of the administrators and adding "surviving partner," etc. *Cruchon v. Brown*, 57 Mo. 38.

II. This action purports to be founded on a written contract entered into between the original plaintiffs and the defendant. What its provisions are we are left to gather from the allegations of the petition. The only way in which it could be brought to the attention of this court on appeal is by being incorporated in the bill of exceptions. The bill of exceptions recites that the contract filed with the petition was read in evidence by the plaintiffs, but fails to set out the contract. The defendant must, therefore, on this appeal, fail in any objection predicated upon any matter therein. Every reasonable intendment must be indulged in favor of the judgment of the court being in accordance with its terms.

III. Complaint is made by appellant against the following declaration of law conceded to respondents:

"The contract sued on in this case, under the pleading, stands admitted, and by it the defendant agreed to deliver five hundred bushels of No. 2 mixed old corn, shelled, at Frazer, Missouri, on the Wabash railroad, ac-

cording to St. Joe weights, to Matney Bros., on or before the tenth day of November, and if the jury believe from the evidence that said Matney Brothers paid for said corn in full, in advance, and defendant failed to so deliver a portion of said corn at that time and afterwards, then the jury will find for plaintiffs and assess their damages at such sum, not exceeding one hundred dollars, as they may believe said Matney Bros. sustained on account of said failure."

It is first objected that it was error to advise the jury that the contract "under the pleading stands admitted."— The action having been instituted in a justice's court, where no written answer was either made, or required to be made by the defendant, it could not, technically, be said there was any admission as to any material averment of the petition. The law assumes in such cases that issue is taken as to all such allegations. But not every error of this character will justify a reversal. "The court shall in every stage of the action disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party ; and no judgment shall be reversed or affected by reason of such error or defect." Rev. Stat., sect. 3569.

The contract in question was read in evidence without objection on the part of the defendant. This was, in legal effect, an admission of its genuineness and its execution by the defendant. It is not perceived, therefore, that any substantial right of the defendant was affected by the declaration contained in the instruction. The more serious objection to this instruction is as to that portion in which the jury were told, that if they found that defendant failed to deliver a portion of the corn according to contract, "then the jury will find for the plaintiffs, and assess their damages at such sum, not exceeding one hundred dollars, as they may believe said Matney Bros. sustained on account of such failure."

No rule for the ascertainment of the damages was laid down by the court for the guidance of the jury in awarding damages. They were given full rein to award

such damages as they might *believe* the plaintiffs were entitled to. The only thing by which they were to be guided or controlled was their mere *belief*. Nor was this belief to be predicated on or governed by the evidence in the case. We understand that the measure of damages for the breach of a given contract is a question of law. It is the province and duty of the court to lay down to the jury for their government the rule as to the measure of damages applicable to the case, and not to leave them to mere conjecture and belief.

The fact that the plaintiffs felt called upon to enter a *remittitur* as to part of the damages assessed by the jury gives color to the imputation that the jury held not to the evidence and the law in reaching their conclusion.

IV. There are other matters complained of by the defendant, but they are not deemed of sufficient importance to justify a prolongation of this opinion.

As this case is to be reversed for the error above stated, we would suggest that on the re-trial the plaintiff obviate the objection as to the misjoinder by striking out the names of the administrators, and to continue the action in the name of James B. Matney, surviving partner of Albert E. Matney and James B. Matney, late firm of Matney Bros.

The judgment of the circuit court is reversed and the cause remanded for further proceeding, in conformity with this opinion. All concur.