JOHANNA WEISE, Respondent, v. JOHN W. MOORE, Appellant.

## Kansas City Court of Appeals, June 14, 1886.

1. ADMINISTRATION—PARTNERSHIP ESTATE—RIGHTS AND OBLIGATIONS OF SURVIVING PARTNER.—The surviving partner is entitled to the control of the partnership assets for the purpose of winding up its affairs, and discharging its debts and obligations. This right he could exercise with or without giving the statutory bond. The only effect of his failure to give bond is, after the lapse of the prescribed time, to invite the administrator of the individual estate of the deceased partner to execute the additional bond, and take charge of the partnership assets. This right exists to-day, as at common law, except as just indicated. The executor or administrator

of the deceased partner, *and no one else,* is authorized to interfere with the custody and right of administration of the surviving partner on his failure to give bond.

2. PRACTICE—FINDING OF TRIAL COURT.—Where there is sufficient evidence to support the finding of the trial court, this court will not interfere with the verdict of the trial court sitting as a jury any more than if the verdict had been found by a jury of the country.

3. ———— ESTOPPEL—PLEADING OF FACTS SHOWING—CASE ADJUDGED. Estoppel *in pais* must be pleaded by the party who would invoke it at the trial. There is no fact, in this case stated, showing an estoppel. An act or admission becomes indisputable only "by reason of the circumstance that the party claiming the benefit of it, has, while acting in good faith, and in accordance with the real or presumed assent of the other party, been induced by it to change his position." Big. Estop. 387.

APPEAL from Moniteau Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

Statement of case by the court.

This is an action for wrongfully taking and converting personal property, consisting of wheat and corn. The material facts are, that one Hanawalt and Weise were partners in the milling business at Tipton, Missouri. Weise died in 1883. Hanawalt seems to have continued thereafter to run the mill, under the firm name of Hanawalt & Co.

In the spring of 1884 he applied to plaintiff, who is the widow of the deceased partner, for some money, which came to her as the proceeds of a life policy on her husband. He represented to her that he needed it to run the mill. Her testimony tended to show that she would not loan this money to Hanawalt, but that she let him have it to buy wheat for her, and after it should be ground into flour she would divide the profits with him. She did furnish him money, from time to time, amounting in the aggregate to over seven hundred dollars ; and at different times drew out of the business some money. With the money so received Hanawalt bought wheat and

corn, which was ground at the mill, and sold. With the money so advanced by plaintiff, and the proceeds of other sales of flour, the product of purchases made with her money, the wheat and corn in controversy were bought, and were in the mill on the fifth day of July, 1884.

On the third day of July, 1884, the probate court of Moniteau county granted to the defendant letters of administration on the partnership estate of Hanawalt & Weise. On the fifth day of said month the defendant proceeded, as he claims, by virtue of his office as such administrator, to take possession of said wheat and corn; and, after having the same appraised, under an order of the probate court, he sold the same to plaintiff and Hanawalt, at the appraised value. There are other facts in the bill of exceptions, but as they do not affect the result they are not here enumerated.

The cause was tried before the court sitting as a jury. The plaintiff asked no declarations of law. The defendant made many requests for declarations of law, which the court refused. Most of them were based on the assumption that the defendant was the administrator of the partnership estate of Hanawalt & Weise; and others were predicated of the estoppel, sufficiently noticed in the opinion of the court.

The court found the issues for the plaintiff. From its judgment defendant prosecutes this appeal.

JOHN M. WILLIAMS and L. F. WOOD, for the appellant.

I. The evidence sustains the allegations of the answer, and constitutes a complete defence to plaintiff's action of trover, and the court erred in refusing defendant's instructions, and in rendering judgment for plaintiff. Conversion implies a tortious act. 1 Chitty's Plead. (13 Am. Ed.) Title Trover, 145; 9 Bacon's Abridgement, Title Trover; 2 Greenleaf's Evidence—Trover; 2

Hilliard Torts, ch. 25, p. 100 (2 Ed.); *Ireland v. Horseman*, 65 Mo. 511.

II. The act of conversion implies the disposal of the property without the consent of the owner. *Gibbs v. Chase*, 10 Mass. 128; 2 Greenl. Evid., sect. 642; *Seifert v. Withington*, 63 Mo. 577.

III. Plaintiff is clearly estopped from bringing this suit against defendant individually, when the act complained of was done by him in his representative capacity, as administrator, with her consent and approval. *Harrison v. Rincoe*, 15 M. & W.; 1 Hill. Torts, 185; Broome's Leg. Max. (6 Am. Ed.) 212; Bigelow Est. 438, 480, 496; *Taylor v. Zeph*, 14 Mo. 482; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 53; *Hart v. Giles*, 67 Mo. 175.

IV. Plaintiff having permitted the surviving partner to use her money in the business of the concern, she has no remedy against the administrator. *Bredow v. Sav. Inst.*, 28 Mo. 181; *Burrell v. Cawood*, 2 How. (U. S.) 560. Under the statute the surviving partner has no control over the partnership effects before giving bond. Rev. Stat. 10.

V. Plaintiff received part of the partnership assets after her husband's death. Her claim for the entire amount put in the concern, to the exclusion of creditors, is not of an unquestionably equitable character.

W. P. JOHNSON & SON, and DRAFFEN & WILLIAMS, for the respondent.

I. Defendant ought not to be entitled to hold for the partnership creditors the wheat and corn that was purchased after the death of Weise with plaintiff's money. It would be unjust to allow the administrator of the partnership to take the *property* purchased with plaintiff's money, and exonerate the estate from liability for the *money*. *Exchange Bk. v. Percy*, 77 Mo. 595; *Richardson v. Moies*, 36 Mo. 439.

II. Defendant cannot claim any exemption from

liability on the ground that he took the goods *as administrator*. He was bound to decide, at his peril, whether the property belonged to the partnership estate or not. *Pattison v. Coons*, 56 Mo. 169.

III. It was not necessary for plaintiff to show that her identical money purchased the wheat and corn. It was sufficient that it was bought with the money she furnished, or with the proceeds of other wheat bought with her money.

IV. Plaintiff is not estopped to set up her claim if her consent was induced by defendant's advice to present her claim to the probate court. Besides, defendant could lose nothing. If the property did not belong to the estate, he cannot be charged with it as administrator.

V. The fact that the surviving partner was to have one-half of the profits realized from grinding the grain into flour and meal does not make him a partner in the grain. *Campbell v. Dent*, 54 Mo. 325.

VI. The property does not belong to defendant as administrator of the partnership estate ; and plaintiff ought to have her money returned to her.

PHILIPS, P. J.—I. The first fact apparent from this record is that the property in question never belonged to the partnership estate of Hanawalt & Weise. It was not in existence at the time of the death of Weise ; nor was it the product of any asset or money of the estate. By the death of Weise the co-partnership was effectually dissolved, and at an end. After that, Hanawalt, the surviving partner, had no power to create any new debts or obligations of the concern. '*The Exchange Bank v. Tracy*, 77 Mo. 599.

As such surviving partner Hanawalt was entitled to the possession and control of the partnership assets for the purpose of winding up its affairs and discharging its debts and obligations. This right he could exercise with or without giving the statutory bond. The only

effect of his failure to give such bond was, after the lapse of the prescribed time, to invite the administrator of the individual estate of the deceased partner to execute the additional bond, and take charge of the partnership assets. *Easton v. Courtwright*, 84 Mo. 27; *Bredow v. The Mut. Sav. Inst.*, 28 Mo. 181; *Matney v. Gregg Bros. Grain Co.*, 19 Mo. App. 107.

Defendant's answer avers that, "no letters of administration having been granted on the estate of said Henry G. Weise, the probate court of Moniteau county, on July 3, 1884, appointed defendant administrator of the said partnership estate."

Where did the probate court of Moniteau county acquire the authority to appoint the defendant administrator of the partnership estate in question? At common law the surviving partner alone had the right to take and administer the partnership property. This right exists to-day, except in so far as it has been modified or subjected to new conditions and incidents by the statute. *Easton v. Courtwright, supra.* The only changes, at the time of these occurrences, made in this respect by the legislature, are to be found in article three, chapter one, Revised Statutes. Section sixty-two provides that: "In case the surviving partner or partners shall neglect or refuse to give the bond required by this article, within thirty days after the grant of letters-testamentary, or of administration, on the estate of the deceased partner, the executor, or administrator, of the deceased partner shall give bond, in addition to the bond given by him as executor, or administrator," etc.

The administrator, or executor, of the estate of the deceased partner, and no one else, is authorized to interfere with the custody and right of administration of the surviving partner on his failure to give bond. The probate court of Moniteau county had no power to appoint the defendant, or to authorize him to interfere in the matter.

While the defendant cannot, in strictness of term,

be denominated an intruder, as there is no such place as that assigned him by the order of the probate court, known to the law, unless he be surviving partner, or administrator of the deceased partner, he can be regarded in no other light than a naked trespasser in interfering with this property. He had no more warrant in law for taking and selling this property than any other outsider or stranger. The order of the probate court was of no more protection to him than a like order made by a justice of the peace of Moniteau county.

No act, therefore, of defendant, in this matter, can find shelter or protection under the plea of having been done *colore officii.*

The property he took, not belonging to the estate he assumed to administer, he was in no position to question the relation of plaintiff and Hanawalt to the same, except in so far as it might affect her right, under the issues made in his answer, to maintain this action. That the property belonged either to her, or to her and Hanawalt jointly, there is no ground to question. Even as the owner of an undivided interest she might maintain trover to recover to the extent of that interest. *McCoy v. Hyatt,* 80 Mo. 139. As the court, however, found for the plaintiff the amount realized at the sale made by defendant, it is to be inferred that it found from the evidence that she held the entire interest.

Was there sufficient evidence to support this finding? If there was we will not interfere with the verdict of the trial court sitting as a jury, any more than if the verdict had been found by a jury of the country. *Snyder v. Burnham,* 77 Mo. 52; *Hurlbut v. Jenkins, post,* p. 572.

The plaintiff's testimony, corroborated in some important particulars, by other witnesses, tended to show that she advanced the money to Hanawalt to buy the grain for her, and not as a loan to him individually. The evidence clearly indicates that she furnished all the

money that went into this grain. It is true there was evidence to the effect that this grain was to be ground at the mill and sold, and any profits arising therefrom were to be divided between her and Hanawalt. This was not sufficient, without more, to constitute Hanawalt a partner in the grain. *Campbell v. Dent*, 54 Mo. 325. The grain in the mill, according to her statement, was her property. The interest of Hanawalt would not attach until the grain was converted into flour and sold, and a profit realized. Had this grain been destroyed or lost, before conversion into flour, and a sale, the entire loss would have fallen on plaintiff.

II. But defendant suggests there was some corn included in the recovery allowed plaintiff by the court, whereas, she only testified that she let Hanawalt have the money to buy wheat for her. It would be a sufficient answer to this position to say that, both in defendant's answer, and his declarations of law asked, he treated the wheat and corn alike, and conceded throughout that they rested upon the same title and right. The corn was bought with the plaintiff's money, obtained for the same purpose as the wheat, and was recognized and treated by the parties to the transaction, as held under like conditions. It is, therefore, no concern of this defendant, a trespasser, that the agent of plaintiff, in the first instance, may have departed from the letter of his commission.

III. The final contention of defendant is that the plaintiff gave her consent to what he did in taking and selling this property, and that she is estopped from maintaining this action. Estoppel *in pais* must be pleaded by the party who would invoke it at the trial. *Bray v. Marshall*, 75 Mo. 327; *Noble v. Blount*, 77 Mo. 235; *Miller v. Anderson*, 19 Mo. App. 71. The only averment made in the answer, on which such defence could possibly rest, is the following: "Defendant further avers that plaintiff had full knowledge of his acts in the premises, and consented thereto." This is

not stating any fact showing an estoppel. It is rather a mere legal conclusion, It is not stated when plaintiff so consented to his acts, whether before or after the trespass. An act or admission becomes indisputable only "by reason of the circumstance that the party claiming the benefit of it has, while acting in good faith, and in accordance with the real or presumed assent of the other party, been induced by it to change his position." Big. on Est. 387.

Looking to the evidence, we discover no ground for the assumption that defendant was induced to change his position, and venture upon the interference with this property by reason of any act or word of plaintiff. He never consulted her about taking out, as he supposed, letters of administration on the estate. He took possession of the property without a word with her. He testified as follows : "As I could not attend to running a flouring mill, the probate court made an order for me to sell the grain at private sale. Thereupon, I made arrangements with Hanawalt and plaintiff to let them have the wheat and corn at the appraised value. I told her I proposed to do this, and I would let Hanawalt continue to run the mill, and he could grind on the wheat and corn, which I would let him have at the appraised value. She consented to this proposition."

From which it is apparent that the defendant was acting throughout on his rights as administrator. Had he been able to attend to running a mill, he would never have consulted with any one. And when he felt himself incompetent to this task, he did not consult with plaintiff, but the probate court, and proceeded to make the sale under its order, obtained without notice to her.

After he had obtained this order, he went to Hanawalt, in his extremity, and proposed to let him and plaintiff have the grain at its appraised value, if Hanawalt would take it off of his hands at the mill.

It was to this plaintiff consented. Defendant was

going on, with or without her acquiescence. And how he has changed his position to his injury, if she be allowed to claim her property, is not apparent. By the judgment of the court he was required to pay over only the money he had realized on the sale of the property. This was a sufficient voucher for his acquittance as administrator. He had intermeddled where the law did not permit him; he had taken property which never belonged to the estate he assumed to administer; and after this fact was plainly brought to his attention by the evidence at the trial, he persists in the effort to perpetuate his wrongful interference by this appeal.

The appeal is without merit. The judgment of the circuit court is affirmed. All concur.