*VERDICT: evidence: sufficiency.*

---

STATE *ex rel.* J. D. LEVEY CLOTHING MANUFACTURING COMPANY, Appellant, v. BENJAMIN W. SHACKLETT, JR., *et al.*, Respondents.

St. Louis Court of Appeals, January, 18, 1898.

Insolvent Partnership Estate: PETITION: DEMURRER: JURISDICTION. In an action on an administrator's bond, where the petition, by its allegations, brought the demand within the purview of section 64, Revised Statutes 1889, relating to the allowance and classification of demands against insolvent partnership estates,—*Held*, on demurrer, that when the administrator refused to pay the demand, plaintiff's remedy was in the probate court to have its claim allowed and classified, which remedy it should have pursued before proceeding on the administrator's bond.

*Appeal from the Scotland Circuit Court.*—HON. REUBEN F. ROY, Special Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in the result.

*Smoot, Mudd & Wagner* for appellant.

At common law the surviving partner had power to pass upon the justness of the claim, and to adjudicate the same. *Easton v. Courtwright,* 84 Mo. 27; *Denny v. Turner,* 2 Mo. App. 52. See, also, *In re Estate of Kahn & McNeal,* 18 Mo. App. 426.

Upon the dissolution of a partnership, by death of a partner, the survivor becomes the sole owner of all the personal property including choses in action of the partnership. 17 Am. and Eng. Ency. of Law, 1154, and citations; 59 Am. Dec. 376; 51 N. Y. 274.

If the surviving partner is presented with claim for payment, and does not refuse, but admits, the justness of the claim, this is equivalent to probate. *Easton v. Courtwright, supra; Hargadine v. Gibson,* 45 Mo. App. 460; *Denny v. Turner, supra; Collier v. Carnes,* 6 Mo. App. 190; *Kahn & McNeal's Estate, supra.*

A breach of a bond occurs when the surviving partner pays claims in full, and not *pro rata.* Wer. Prob. Law, secs. 364, 375, and note, p. 298; 36 Mo. App. 73, 413.

An administrator pays at his peril in administering on an insolvent estate. 47 Mo. 403; 57 Mo. App. 120; 53 Mo. 500.

*John M. Jayne* and *Blair & Marchand* for respondents.

The common law right of the surviving partner has been greatly abridged by our statute. He can pay no claim unless the partnership estate is solvent. If the estate be insolvent, or there be a deficiency of assets, the creditors' claims must be allowed and classified by the probate court, and paid *pro rata* by their classes.

R. S. 1889, sec. 64, p. 136; *State ex rel. v. Smith*, 57 Mo. App. 120.

It is a breach of duty on the part of a surviving partner to pay the debts of the partnership estate without knowledge of the sufficiency of the partnership assets to pay the debts, unless first allowed against the estate by the probate court. *State ex rel. v. Smith, supra; Dullard v. Hardz*, 47 Mo. 403–405.

BLAND, P. J.—The petition in this case is as follows:

"THE STATE OF MISSOURI, at the relation and to the use of J. D. Levy, Clothing Manufacturing Company, a corporation,—Relátor,

v.

"Benjamin W. Shacklett, Jr. John H. Trent, Jacob K. Shacklett, Gilbert Musgrove and B. R. Shacklett,—Def'ts.

In the Circuit Court of Scotland county, Missouri, August Term, A. D. 1895.

"Now comes your relator who prosecutes this his action in the name of the state for his use and benefit and for cause of action avers that it is a corporation duly organized and existing under the laws of the state of Illinois, that during the year of 1893 and prior to the 15th day of September of that year the firm of Hays & Shacklett, a mercantile firm doing business at Gorin, Missouri, composed of J. G. Hays and B. W. Shacklett, Jr., became justly indebted to them for goods sold and delivered to them in the sum of nineteen hundred and five dollars and thirty cents; and afterward on the —— day of September, 1893, said Hays departed this life and that in September, 1893, said B. W. Shacklett, Jr., undertook to settle up the estate of the partnership and he as principal and the other defendants as his

securities, on the 27th day of September, 1893, executed their bond to the state of Missouri in the penal sum of fourteen thousand dollars, conditioned that B. W. Shacklett, Jr., surviving partner of the late firm of Hays & Shacklett (J. G. Hays, deceased) shall use due diligence and fidelity in closing the affairs of the late co-partnership, apply the property thereof toward the payment of legal allowances, the expenses of administration, the partnership debts, render an account annually upon oath to the probate court of Scotland county, Missouri, whenever thereto by it required of all the partnership affairs including the property owned by the late firm and the debts due thereon, as well as what may have been paid by the survivor toward the partnership debts and what may still be due and owing thereto, and in general do and perform all other acts and things which are or may hereafter be required of him by law, and pay over within two years, unless a longer time be allowed by said probate court, to the executor or administrator of the said J. G. Hays the excess, if any there be, etc., a copy of which bond is hereto attached and made a part hereof, and said bond was duly deposited in the office of the probate court.

"Relator further avers that after so making and depositing said bond with the probate court of Scotland county, Missouri, the defendant, B. W. Shacklett, as surviving partner, took charge of the assets of the said firm, consisting of a large general stock of merchandise, notes, accounts and real estate, money, wood, lumber, ties and other property of the value of nineteen thousand dollars belonging to said partnership estate.

"That afterward, on the 25th day of January, 1894, said relator presented their claim to said B. W. Shacklett, Jr., for allowance and classification, and the same was duly allowed by him and became a valid claim against said partnership estate within one year

after the death of said Hays, and that there is now due your relators on said claim two thousand and fifty dollars on which said surviving partner paid the sum of seventy-five dollars. That said B. W. Shacklett entirely failed to use due diligence and fidelity in closing the affairs of the late partnership; that he failed to render an account annually to the probate court; that he has failed to pay over or account for three thousand dollars of the assets of said estate. That he has broken the conditions of his said bond and has failed to comply with the terms and conditions of same in this, that he paid twelve thousand dollars of claims against said estate in full; that the estate was insolvent at the. time and the proceeds should have been distributed *pro rata*, and this was done by said defendant Shacklett, without an order from the probate court of said county, the debts due and owing by the estate being about $22,000 and in excess of the assets, and many of the assets have become worthless and the estate was not able to pay over eighty-five cents on the dollar; that all of the assets available, or that can be realized on, has been used by said administrator. That by reason of said surviving partner so paying said claims in full and failing to administer said assets of said firm with fidelity, these plaintiffs had been defrauded of their claim, and by .reason of his failure to comply with the conditions of said bond, same has become forfeited, and said Shacklett is wholly insolvent and has become a non-resident of the state of Missouri.

"Whereupon relator prays judgment for the penalty of said bond to be satisfied by the payment of relator's debt and interest.

"Smoot, Mudd & Wagner,

"Attorneys for Relator."

To this petition respondents filed a general demurrer, which was sustained. The appellant declined to

plead over, and judgment was entered on the demurrer, from which plaintiff duly appealed.

Does the petition state a cause of action? This is the sole question here for decision. At common law the surviving partner retained exclusive possession and control of the partnership assets in trust for the payment of the debts of the firm and for distribution of the surplus remaining to the credit of the deceased member, to his heirs and devisees; he allowed and paid the debts of the firm, without their being first probated or classified by any court; nor was the creditor required to go to a court to have his claim adjudicated and classified before he was entitled to demand and receive payment of the surviving partner. *Easton v. Courtwright*, 84 Mo. 27, and cases cited.

*INSOLVENT partnership estate: petition. demurrer: jurisdiction.*

The common law on this subject has been somewhat modified in this state by section 64, Revised Statutes 1889, which provides that in case the assets of the partnership are not sufficient to pay all the debts of the firm, "then they shall be paid according to their respective class and *pro rata*, and in such case if such partner refuses, or for any cause neglect to pay demands against the partnership * * * such demands shall be exhibited to the probate court for allowance and classification, and they shall then be paid in the same manner, and the court shall have the same jurisdiction of demands thus presented as it has of demands against estate in ordinary cases of administration." * * *

The petition in this case states that plaintiff's claim was duly presented to the administrator for allowance and classification by him, but it does not state that the claim was classified. The petition also states that the assets of the estate are insufficient to pay all demands against the partnership estate, and also states that the

administrator has refused and neglected to pay the plaintiff's claim. By its allegations the petition brings the demand of the plaintiff within the purview of section 64, *supra*, concerning the allowance and classification of demands against insolvent partnership estates. When the administrator refused to pay plaintiff's claim, its remedy was in the probate court to have its claim allowed and classified. This remedy it must first pursue, before it can proceed upon the administrator's bond. Judgment affirmed. All concur. Judge BIGGS in the result.